## J. B. WATKINS v. GUY W. JUNKER.

### No. 329.

1. **Res Adjudicata.**—This is a second appeal. On the first, there was judgment in favor of defendant on his plea of limitation, and in favor of plaintiff on defendant's plea in reconvention. Plaintiff appealed, and defendant did not assign cross-errors, nor in any manner appeal. The case was reversed, and in the opinion of the court it was said, in substance, that the plea in reconvention for damages, because it did not enter as an element into the formation of the verdict, was eliminated from the case. That judgment being now pleaded as res adjudicata of the reconvention, it is the opinion of the court that the judgment was reversed as an entirety, and that the plea is not good.

2. **Dicta—Reasoning in the Opinion.**—The language used by the judge in stating the case, or in reaching his decision, is no part of the judgment, though it may be looked to in order to determine what has been adjudicated; and the court without restriction having reversed the judgment, it stood reversed as to all the issues.

3. **Measure of Damages for Failure to Furnish Dredge Boats.** Plaintiff was to furnish defendant two dredge boats, for use in dredging a canal, and filling in the mud on the inside of wooden walls or revetments, at a rental of $20 per day. They were not furnished; in consequence whereof, defendant alleged, he had been damaged the full sum that he would have received for the work, having been hindered from carrying out the work by defendant's failure to furnish the dredge boats. The ordinary measure of damage for such failure would be the difference between the rental value agreed on and the price at which such boats could have been rented by the defendant.

4. **Same.**—The fact that defendant could not secure other dredge boats, if known to plaintiff, might render him liable for a different measure of damages, but they would be such as would probably result from the breach.

5. **Special Damage — Facts must be Pleaded.**—The allegations are perhaps sufficient to render the plaintiff liable for lost profits on the dredging, but they are not alleged. To recover special damages, the facts giving rise to the same must be specially pleaded, and the damages must be shown to have been within the contemplation of the parties when the contract was made.

6. **Agent's Authority to Contract.** — The proof does not show that Thompson had authority from plaintiff to let the dredge boats to defendant, and if defendant learned before he began the work that Thompson had no such authority, then defendant should have done all he reasonably could to prevent the damages from accumulating.

APPEAL from Jefferson.    Tried below before Hon. W. H. FORD.

*Greer & Greer*, for appellant.—1. The court erred in sustaining the defendant's special exception to that portion of the plaintiff's petition setting up, as a plea in bar to defendant's plea in reconvention for damages, the former verdict and judgment rendered at the May Term of the District Court of Jefferson County, 1891, in that said verdict and judgment show the jury returned a verdict against the defendant's plea in reconvention for damages, and the court adjudged thereon that the de-

fendant take nothing by his said plea; and the same was not appealed from by said defendant, and that portion of said judgment has never been reversed, set aside, or rendered void, and the defendant was concluded thereby.

2. The rule for recovery of damages for breach of contract, and the measure thereof, is the profit the alleged injured party could have earned had the contract been carried out, after deducting the cost or expense of so doing. Railway v. Shirley, 45 Texas, 355; Railway v. Hill, 63 Texas, 384; Cates v. Sparkman, 73 Texas, 623; Express Co. v. Darnell, 62 Texas, 639; Masterson v. Mayor of Brooklyn, 7 Hill, 61; 1 Sedg. on Meas. of Dam., 34, note a.

3. Damages which depend upon the acceptance or rejection of labor performed under other contracts, to which plaintiff was neither party nor privy, and over which he could exercise no control, are too remote, and dependent upon contingencies not within the contemplation of the parties at the time. Cates v. Sparkman, 73 Texas, 623.

4. Where one dealing with an agent has knowledge of the fact that the agent has no authority to bind his principal in a particular contract, such person is estopped from claiming damages against the principal on account of the breach of such contract; and the defendant's own testimony having shown such knowledge, the court should have sustained the motion to strike out all the evidence offered under defendant's plea in reconvention. Railway v. Mitchell, 38 Texas, 85; Railway v. Hill, 63 Texas, 384; Coleman & Davidson v. Colgate, 69 Texas, 91; Machinery Co. v. Peter & Sherrill, 84 Texas, 631.

*Perryman, Gillespie & Bullitt, Gordon Bullitt*, and *O' Brien & O'Brien*, for appellee.—1. The court did not err in sustaining defendant's special exception to plaintiff's petition, in so far as the same set up plea in bar to defendant's plea in reconvention, because the judgment of the Supreme Court reversed and remanded the cause generally. This vacated the judgment in toto, and had the same effect as if a new trial had been awarded by the court below. Rev. Stats., art. 1048; Wells v. Littlefield, 62 Texas, 28; Tynberg v. Cohen, 76 Texas, 409.

2. The reasoning and argument of the appellate court in reaching a conclusion is not a part of the judgment of the court. White v. Downs, 40 Texas, 225.

3. The measure of damages the defendant was entitled to recover includes gains prevented, as well as losses sustained. The defendant alleges, that by the failure of plaintiff to comply with his contract, that was, to furnish defendant a dredge boat, defendant suffered loss. Sedg. on Dam., sec. 145.

4. If the principal, having received information by letter or otherwise from his agent of his acts touching the business of his principal, does not

within a reasonable time express his dissent to the agent, he is deemed to approve his acts, and his silence amounts to a ratification of them. 1 Am. and Eng. Encycl. of Law, 434, 439, 440.

GARRETT, CHIEF JUSTICE.—J. B. Watkins brought this suit to recover of Guy W. Junker upon an account for services rendered and the rental of certain boats. Defendant pleaded the statute of limitation to said account, and in reconvention for damages for the failure of the plaintiff to furnish also certain dredge boats, as it was alleged he had contracted with the defendant to do. This is the second appeal in this case. The first appeal was from a judgment of the court below in favor of the defendant on his plea of limitation, and in favor of the plaintiff on the defendant's plea in reconvention for damages. Plaintiff appealed from the judgment against him, and brought the case properly before the Supreme Court for revision, with an appeal bond and assignment of errors. Defendant made no cross-assignment of errors on the judgment against his plea in reconvention for damages, and did not in any manner appeal therefrom. The judgment of the court below was reversed and the cause remanded for a new trial. 19 S. W. Rep., 390.

After the case went back to the District Court and again came up for trial, the plaintiff pleaded the former judgment of said court in bar of the cause of action set up in defendant's plea in reconvention, and that the cause of action set up therein was res adjudicata, and the defendant was concluded by said former judgment of the District Court in plaintiff's favor as to the matter set up in said plea of reconvention, the defendant not having appealed therefrom. To this plea the defendant interposed an exception, which the court sustained; and the question is now presented for decision by this court, whether the judgment against the defendant on his plea in reconvention stood unreversed by the judgment of the Supreme Court when the case was before the Supreme Court on the former appeal.

In passing upon the questions then presented, the following language appears in the opinion of the court, after showing from the charge of the court below and the verdict of the jury that the plea in reconvention had been adjudged adversely to the defendant: "As it is obvious, therefore, that the plea in reconvention for damages did not enter as an element into the formation of the verdict, we are of the opinion that the questions raised by the first, second, third, fifth, sixth, seventh, and eighth assignments, each of which is predicated on alleged errors of the court in ruling on exceptions to this plea, and on evidence and instructions relating to and growing out of this plea in reconvention, are eliminated from the case, and are not necessary to be considered under this view." The court then proceeded to consider the one remaining question of limitation, and because it was of the opinion that the verdict of the jury was not sup-

ported by the evidence upon that issue, reversed the judgment and remanded the cause for another trial; from which it appears to us that the judgment was reversed as an entirety.

The language of the judge used in reasoning in the opinion or in stating the cause is not any part of the judgment of the court, though it may be looked to in order to determine what had been adjudicated; and without entering into a consideration of the effect of a judgment which should undertake to reverse as to the plaintiff's cause of action and affirm as to the defendant's plea in reconvention, we think it sufficient to say, that both parties being before the court, and the court without restriction having reversed the judgment of the court below, it stood reversed as to all the issues, and that there was no error in overruling the exception.

Plaintiff renewed his exceptions to the cause of action set up in the defendant's plea in reconvention, which were overruled by the court, and an exception was taken to said ruling.

Plaintiff had sued upon a verbal contract, made by and through his authorized agent, with the defendant, by which the plaintiff undertook to do certain towing for the defendant, and the defendant was to rent from plaintiff a quarter boat, a pile driver, and a barge. Defendant admitted the correctness of the amount claimed by the plaintiff for said service and rental of the boats; but pleaded in reconvention damages against the plaintiff, because of the failure of the plaintiff to furnish also two dredge boats, which he alleged plaintiff's agent had agreed to furnish.

Defendant alleged, substantially, in his said plea in reconvention, that as a part of the contract set out in plaintiff's petition, the plaintiff was to furnish the defendant, within ten days after demand by him, two dredge boats, to be used by him in certain work he was then engaged in for the government of the United States, namely, the building of a revetment on each side of a canal at the junction of Calcasieu Lake and Calcasieu Pass, in the State of Louisiana, and dredging and deepening out the channel between said revetments and dumping the mud behind the revetments. That said dredge boats were to be furnished to the defendant at a rental of $20 a day each, and were necessary and peculiarly adapted to dredging out said canal and dumping mud behind said revetments, and were absolutely necessary to the defendant therein, all of which was well known to plaintiff. That relying upon said contract, defendant proceeded, about April 4, 1887, to erect and construct a revetment or wooden wall on each side of said channel, and had up to May 31, 1887, erected and constructed 6000 lineal feet of said revetment; the plaintiff in the meantime having done the towing and furnished the pile driver, quarter boat, and barges, but having failed and refused to furnish said dredge boats after demand made by defendant on or about May 21, 1887; by reason whereof defendant was prevented, hindered, and delayed in the prosecution and carrying out of said work. That the government of the United

States had contracted with defendant to pay him 40 cents a lineal foot for said revetment so constructed, in the aggregate $2400, and would not receive and pay for said revetment until the mud had been dredged from the channel and dumped as aforesaid; and that the Government had never received and paid for the same, nor any part thereof, by reason of the defendant's failure to do so, which was the result of the failure of the plaintiff to furnish said dredge boats. That if plaintiff had furnished said dredge boats, as he had contracted to do, within ten days after demand for the same, defendant could and would have received from the Government the said sum of $2400 for the revetment constructed, and in addition thereto would have received 9 cents a cubic yard for the mud excavated from said channel and deposited behind said revetment.

Defendant further alleged, that he was induced to enter into the said contract with the United States Government by reason of the promises of the plaintiff to furnish him said boats, and would not otherwise have entered into said contract. That plaintiff continually, up to the 31st day of May aforesaid, promised and represented to the defendant that he would furnish him the said dredge boats, and being induced to believe that the same would be furnished, he continued to construct said revetments at great expense, to-wit, $3000. That after plaintiff had refused to furnish said dredge boats as aforesaid, defendant tried and used all endeavors to procure a dredge boat or dredge boats adapted to said work from other sources, but was unable to do so; neither could he have a machine or dredge boat constructed to do the work; wherefore he averred the contract value of said work was an absolute loss to the defendant, and he was damaged in the sum of $2400, for which he prayed judgment.

The ordinary measure of damages for the failure of the plaintiff to furnish the dredge boats would be the difference between the rental value agreed on and the price at which such boats could have been rented by the defendant. It is the rule, that only such damages may be recovered on a breach of contract as reasonably enter into the contemplation of the parties and are the natural result of a breach of the contract; such as would probably and naturally flow therefrom. The fact that the defendant could not secure other dredge boats, if the plaintiff knew that he could not, or on account of the character of the boats or a known difficulty in procuring such things, should have reasonably known of such difficulty, might render him liable for a different measure of damages; but they would be such as would probably result from the breach. The allegations of the answer are perhaps sufficient, however, to render the plaintiff liable, if taken as true, for lost profits on the dredging, as it was alleged that the purpose for which the defendant wanted the dredge boat was to dredge out the channel under a contract with the Government, which was known to the plaintiff; but it is not alleged what the profits of the dredging would have been.

In order to recover special damages, the facts constituting or giving rise to the same must be specially pleaded, and it must be shown that they were reasonably within the contemplation of the parties when the contract was entered into. It is not averred in the answer that the plaintiff knew what the contract between the defendant and the Government was, or knew that the payment for the construction of the revetment depended on the dredging; nor is it in fact alleged that such was the contract. From all that appears in the pleading, the payment for the revetment may have been wrongfully withheld from the defendant by the Government. The damages claimed, which are the loss of the contract price of the construction of the revetment, do not appear from the allegations of the answer to have been reasonably within the contemplation of the parties when the contract was made. We think that upon proper allegation and proof, there might be a state of facts upon which the value of the revetment constructed might be the proper measure of damages; but the pleadings present no such case, and the plaintiff's exceptions should have been sustained.

We are of the opinion, that the proof does not show that Thompson had authority, either implied or actual, to enter into a contract with the defendant to rent him the dredge boats. Actual authority is expressly denied, and there are no circumstances whatever shown from which his authority so to do ought to be implied. If the circumstances were such that the defendant was warranted in inferring that Thompson had the authority to rent him the dredge boats, then a contract, if any was made, would be valid. But if he learned before he commenced the work that Thompson had no actual authority to make the contract, and that the boats would not be furnished, then we think that the defendant should have done all that he reasonably could dave done to prevent the damages from accumulating. The question whether interest should have been allowed is not properly presented.

For the errors pointed out, the judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered November 2, 1893.