## MILLER v. BURGESS.

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 8, 1913. Rehearing Denied March 8, 1913.)

1. APPEAL AND ERROR (§ 1212*)—DETERMINATION OF CAUSE—SCOPE OF ISSUES ON NEW TRIAL.

Where, in an action against two partners on a note, one defendant defaulted and the other contended that they were not partners, and also that he did not execute the note, and the jury found for him on the issue of partnership and against him on the issue of execution, and on appeal the judgment was reversed generally, on the second trial evidence to establish the partnership was admissible, though it tended to strengthen plaintiff's contention that the contesting defendant had executed the note.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4713; Dec. Dig. § 1212.*]

2. APPEAL AND ERROR (§ 1027*)—HARMLESS ERROR—EVIDENCE.

Error in admitting evidence on an issue found in appellant's favor was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4033; Dec. Dig. § 1027.*]

3. TRIAL (§ 122*)—ARGUMENT OF COUNSEL—FAILURE TO CALL WITNESS.

Where, in an action against two defendants on a note, only one defendant contested, and he introduced the deposition of the other defendant, and in his own testimony admitted that he saw the other defendant at the courthouse the morning of the trial, it was not error for plaintiff's counsel to comment upon the contesting defendant's failure to place his codefendant upon the witness stand, instead of using his deposition.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 299; Dec. Dig. § 122.*]

4. JURY (§ 67*) — CHALLENGE TO ARRAY — GROUNDS.

It was not ground for a challenge to array that the jury had been summoned by postal card, instead of orally, as provided by Rev. Civ. St. 1911, art. 5162, where the actual attendance of the jurors was thereby secured; such statute being merely directory, and no such grounds of challenge to array being specified by articles 5188–5201, relating thereto.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 291–302, 306; Dec. Dig. § 67.*]

5. CONTINUANCE (§ 9*) — RECOGNITION OF AGREEMENT—DISCRETION.

While Rev. Civ. St. 1911, art. 1917, authorizes the granting of a continuance by consent of the parties, it was not an abuse of discretion for the trial court to refuse to recognize an agreement of counsel for both parties to continue the case, where the case had been reset several times, and the only reason of the agreement was a groundless apprehension that an unreported decision in another case, as to the validity of summoning a jury by mail, as had been done, might have some bearing on the present case, and it appeared that such contin-

uance would cause unnecessary expense and inconvenience the court.

[Ed. Note.—For other cases, see Continuance, Cent. Dig. § 12; Dec. Dig. § 9.*]

6. BILLS AND NOTES (§ 517*)—EXECUTION—SUFFICIENCY OF EVIDENCE.

Evidence, in an action on a note, *held* to sustain a finding that it was executed by the contesting defendant.

[Ed. Note.—For other cases. see Bills and Notes, Cent. Dig. §§ 1807–1815; Dec.Dig. § 517.*]

Appeal from District Court, Taylor County; Thos. L. Blanton, Judge.

Action by Joe Burgess against P. J. Miller and another. From judgment for plaintiff, defendant Miller appeals. Affirmed.

Harry Tom King and D. M. Oldham, Jr., both of Abilene (Theodore Mack, of Ft. Worth, of counsel), for appellant. Scarbrough & Hickman and W. L. Grogan, all of Abilene, for appellee.

CONNER, C. J. This suit, which has been before us once before (136 S. W. 1174), was one by the appellee against the appellant and one D. R. Wall upon a promissory note for $1,175, with interest and attorney's fees. The defendant D. R. Wall made no answer, but Miller defended by a plea of non est factum, to which the plaintiff replied that at the time of the execution of the note that the defendants P. J. Miller ·and D. R. Wall were partners in business, and that the note had been given in a partnership transaction. The case was submitted upon special issues. The jury found for appellant, Miller, on the issue of partnership, but against him on the issue of his execution of the note, and the court, hence, entered up a judgment in appellee's favor, as prayed for.

Upon the trial the court sustained special exceptions to a special plea of res adjudicata by appellant, Miller, which was to the effect that upon the first trial of the case the verdict of the jury, in obedience to a peremptory instruction on the part of the court, was in favor of the defendant Miller on the issue of partnership; that the plaintiff Burgess had taken no exception to such instruction or verdict, nor had the verdict been disturbed on the former appeal· by the judgment of reversal; and that, hence, the issue could be no longer litigated. Error is assigned to the action of the court in sustaining appellee's exception to this special plea. Error is also assigned to the introduction of evidence in support of appellee's plea of partnership; but we find no merit in the objection urged in these particulars.

[1, 2] Upon the former appeal the judgment of reversal was in general terms, and hence opened up the entire case. See Freeman on Judgments (4th Ed.) § 481; Elliott on Appellate Procedure, § 580; Hayne on New Trial and Appeal, § 299, par. 2; Long v. Garnett, 45 Tex. 400; Watkins v. Junker, 4 Tex. Civ. App. 629, 23 S. W. 802; St. L., S.

F. & T. Ry. v. Smith, 99 S. W. 171. It follows that the evidence tending to establish the existence of a partnership between D. R. Wall and appellant, Miller, at the time of the execution of the note in question was admissible, notwithstanding it may also have had a tendency to strengthen appellee's contention that the note had been signed by Miller. True. some of the evidence relating to the issue of partnership offered by the plaintiff was objected to on other grounds; but any error of this character was evidently rendered harmless by the fact that the jury found in appellant's favor on the issue.

[3] The defendant D. R. Wall had testified by deposition to the effect that he had signed the name of the appellant, Miller, to the note in controversy without authority, and counsel for appellee, during the course of . his argument to the jury, stated: "D. R. Wall was in the courthouse and in this room during the trial of this case, and why didn't P. J. Miller place him on the witness stand and let this jury look into his face as he testified that he signed P. J. Miller's name to the note sued on, and let the jury observe his conduct under cross-examination?" This argument was excepted to as inflammatory and as having embodied facts not proven. But upon an examination of the statement of facts we find that, under cross-examination of appellant, he stated, among other things: "I last saw D. R. Wall this morning. I don't know where he is now. I saw him here in the courthouse this morning, where you all could have seen him." We think the argument was fairly within the record and not improper. The assignment relating to this matter is accordingly overruled.

[4] Appellant also assigns error to the action of the court in refusing to sustain his *motion to discharge the jury panel drawn* for the week, on the grounds that the jury had been summoned by postal card, instead of orally, as provided by Revised Statutes 1911, art. 5162. It appears, without dispute, that the panel had been previously regularly selected by jury commissioners theretofore appointed, as provided in title 75 of the Revised Statutes; and that all but four of the panel so selected were at the time of the motion in attendance upon the court in obedience to a postal card notice by the sheriff, so requiring. Two of the panel had not been summoned, and two of them had been excused. Chapter 6, title 75, makes it the duty of the sheriff, upon receipt of the lists of jurors that have been drawn, to notify the several persons selected to be in attendance on the day and week for which they were respectively drawn to serve. The statute provides (article 5162) that "such notice may be orally delivered by the sheriff to the jurors in person, or in case such juror cannot be found then a written memorandum there-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

of signed by the sheriff officially may be left at the juror's place of residence with some member of his family over sixteen years of age." Service otherwise than as prescribed in this article of the statute has been criticised. See Freeman v. Wilson, 149 S. W. 414. But we think the statute is directory merely; and that, where its evident object has been otherwise accomplished by the sheriff in securing the actual attendance of the jurors whose names are on the lists, it would be folly to say that the panel should be discharged simply because the jurors' notification was other than oral. No such grounds of challenge to the array are specified in the statute (see chapter 9 of the title referred to), and no other ground is presented in the challenge under consideration. It is not contended that any one of the jurors who appeared was not duly qualified, nor is it pretended that any juror other than one who had been duly selected and impaneled, sat upon the trial, or that appellant even exhausted his challenge; so that in no event can it be seen how appellant was prejudiced by the action of the court in overruling appellant's motion to quash the panel.

[5] Error is also assigned to the action of the court in refusing to permit the case to be continued for the term upon the agreement of both counsel for the plaintiff and the defendant, made in open court at the time an announcement for trial was required. It appears that after the defendant Miller had presented the motion to discharge the jury, and after the motion had been denied, counsel for both parties agreed, in open court, that the cause might be continued for the term. The court refused to observe the agreement, and required the trial to proceed. The court qualifies the bill of exception taken to his action by stating that the cause had been set and reset for trial several times at the special instance of counsel to suit his convenience, though they had not agreed to try the same; that at their special instance the court had set the case for the preceding week, and had had a jury specially drawn for same by specially appointed commission, but was forced to reset the case, because it developed that the sheriff had not properly summoned the jury. Then the court again reset the case, being forced to have another jury redrawn and resummoned; and that the only objection of counsel and the only basis for the agreement to continue was that the jury had been summoned by postal card notice. At the oral submission before us, it was stated, in substance, that a newspaper report of the decision in the case of Freeman v. Wilson, 149 S. W. 414, hereinbefore cited, had been read, but that from the reading it was uncertain whether the court had held the postal card service of jurors void; and that because of the uncertainty as to the effect of the decision counsel for plaintiff had agreed with the counsel of the defendant Miller to continue the case. No other grounds for the agreement and no other cause for continuance were shown; but appellant insists that, regardless of the reason for the agreement, the court should have observed it, insisting that no person other than the litigants involved was concerned.

While the statute (Revised Statutes 1911, art. 1917) provides, among other things, that a continuance may be granted "by consent of the parties," it is evidently the policy of the law that cases shall be promptly tried and disposed of; and the public, as well as the litigants, are concerned in this being done. In addition to the cost in time and money to witnesses and litigants, there must be added, necessarily, the costs of the attendance of another jury; and no other reason appearing for the agreement than the one stated, we think it was well within the trial court's decision to overrule the agreement and require the cause to proceed. See Handcock v. Winans, 20 Tex. 320; McClure v. Sheek's Heirs, 68 Tex. 426, 4 S. W. 552; Porter v. Holt, 73 Tex. 449, 11 S. W. 494; Cullers v. Platt, 81 Tex. 258, 16 S. W. 1003.

[6] Finally, it is insisted that the court erred in refusing to set aside the findings of the jury and in rendering judgment upon the findings, for the reason that the evidence upon the trial of the case was wholly insufficient to sustain the judgment of the court. As before stated, the defendant D. R. Wall testified by deposition that he signed the name of P. J. Miller thereto without authority; and the defendant Miller testified specifically that he neither signed the note sued upon, nor authorized any one to sign his name thereto. Appellee, however, offered in evidence the note, which purported to bear the signature of P. J. Miller, and testified that he was "acquainted with the signature of P. J. Miller," and that "the names of D. R. Wall and P. J. Miller appeared on it" at the time the note in question was delivered to him. The witness Garrison testified that he was cashier of the Citizens' National Bank, and had been associated with that bank in a clerical capacity for about seven years; that, as cashier, he inspected signatures at the window in paying checks, and had had about seven years' experience in passing upon handwriting; that he was acquainted with the defendant P. J. Miller, and that he thought he was acquainted with his signature; that P. J. Miller transacted some business with the Citizens' National Bank; that he had seen him write his name, though he did not remember any particular time; that he thought from his experience in the matter he was able to detect whether the signature was genuine or otherwise; that he had paid checks to P. J. Miller himself that were signed by him; that he believed he was familiar with the personal characteristics of P. J. Miller's signature. He further testified: "It is my impression that the lower signature

·on this note [the one in question] is the signature of P. J. Miller. I did not see him sign it. From having examined his signature and having seen him sign checks, I believe this to be his signature." S. W. Bridgemen testified: "I have never had any experience in observing handwriting as a specialist or expert, but I have observed handwriting in an ordinary way as ordinary business men do. I saw P. J. Miller write his name on checks quite frequently, and I am familiar with his signature, and know the same when I see it. P. J. Miller's name was on the back of that $1,500 note [the one in renewal of which, as shown by appellee's testimony, the one in question was given]. I saw the note for $1,175, dated March 1, 1909, in favor of Joe Burgess, signed D. R. Wall and P. J. Miller, maturing June 1, 1909, being the note that Joe Burgess has sued D. R. Wall and P. J. Miller to collect. The name of P. J. Miller on said note is in the handwriting of P. J. Miller." In the light of this testimony we do not think it can be said that the jury were bound to believe Wall and Miller, or that now it can be said that the verdict of the jury in appellee's favor on the issue of appellant's execution of the note is without sufficient evidence to support it.·

We conclude that the record discloses no error as assigned, and that the judgment must be affirmed.