WALDIN v. SMITH.

**Deed:** DESCRIPTION: REPUGNANT CLAUSES: SURROUNDING CIRCUMSTANCES. E. owned the north part of lot 8, and his wife the south part thereof, and also a part of lot 7. They both died, leaving the lands to their son's J. and Z. Afterwards Z., as the heir of his mother, conveyed "the undivided half of lot 8 and a part of lot 7," and then followed a description by metes and bounds, which included a portion of lot 7, and only that part of lot 8 which his mother had owned. J. also, but not as his mother's heir, made a like deed to the same grantee. Afterwards J., the surviving heir, conveyed that portion of lot 8 which his father owned at the time of his death. *Held* that the land described in this last deed was not included in the deeds previously mentioned, although they described the land as "lot 8 and part of lot 7," instead of "parts of lots 7 and 8," but that it descended to the surviving heir, and remained in him until conveyed by the last-named deed. In reaching this construction other surrounding circumstances are considered, for which see opinion.

*Appeal from Des Moines District Court.*—HON. CHARLES H. PHELPS, Judge.

FILED, SEPTEMBER 4, 1888.

THIS is an action in equity by which the plaintiff seeks to quiet the title in him to a tract or sub-division of land. There was a decree for the defendant and the plaintiff appeals.

*A. H. Stutsman*, for appellant.

*Hedge & Blythe*, for appellee,

Waldin v. Smith.

ROTHROCK; J.—I. The land in controversy is part of lot 8, in Wade's subdivision of certain land in the city of Burlington. Lot 8 of said subdivision is bounded on the east by the Mississippi river. Lot 7 of the subdivision adjoins lot 8 on the west. The two lots are not of the same dimensions. Lot 8 extends further north than lot 7, and the land in controversy is in that part of lot 8 which extends north of an extension of the north line of lot 7 to the river. Both parties claim under a line of conveyance originating with E. H. Ives as grantor. It appears that in March, 1852, Ives made a conveyance to Ann B. Evans. The land conveyed was described as follows : "Part of lots seven and eight, * * * commencing eight rods west of the southeast corner of lot seven ; thence north twenty rods ; thence east to the Mississippi river ; thence down said river to the southeast corner of lot eight ; thence west to the place of beginning,—containing $3\frac{4}{10}$ acres, more or less." It will be readily observed that this conveyance did not include that part of lot 8 which extended north of lot 7, and that such was the intention of the parties is made manifest by the fact that, in 1853, Ives conveyed to J. N. Evans all that part of lot 8 not before that time sold. This last conveyance included the land in controversy. J. N. Evans and Ann B. Evans, the grantees in the above-named conveyances, were husband and wife. They died intestate, leaving J. C. Evans and Z. B. Evans their only heirs. In March, 1865, Z. B. Evans, who described himself as heir at law of Ann B. Evans, made a conveyance to Andrew Geiger. The deed described the land conveyed as "the undivided half of lot 8, and part of lot 7, * * * commencing eight rods west of the southeast corner of lot 7 ; thence north twenty rods ; thence east to the Mississippi river ; thence down the river to the southeast corner of lot eight ; thence west to the place of beginning,—containing $3\frac{4}{10}$ acres." In May of the same year, J. C. Evans conveyed the undivided half of the same land to Geiger. The description of the land in the two deeds is identical.

J. C. Evans did not in his deed describe himself as an heir at law of Ann B. Evans. In 1873, Geiger made a conveyance to certain grantees, in which the land conveyed was described as lot 8 and part of lot 7, followed with the identical description by metes and bounds and quantity of land as the other deeds above referred to.

The plaintiff claims title under the grantees from Geiger, and the defendant claims title under a conveyance from J. C. Evans, the surviving heir of Ann B. Evans and J. N. Evans; and the question to be determined is whether the land in controversy passed to the plaintiff's grantors by the conveyances above set out. If it did not pass, it remained in the heirs of J. N. Evans, and a conveyance from them to the defendant invested the defendant with the title. It is purely a question of the proper construction of the description in the deeds. The plaintiff does not ask a correction of the deeds on the ground of mistake. He insists that, by the very language of the description, the land in dispute was conveyed to his grantors. It is conceded that the title to the land in dispute was conveyed by Ives to J. N. Evans, and that it had not before that been conveyed to Ann B. Evans. But it is claimed by appellant that because the deeds from the subsequent owners described the land as "lot eight and part of lot seven," instead of "part of lots seven and eight," the whole of lot 8 was conveyed, notwithstanding that in the subsequent part of the description by metes and bounds, and in the quantity of land conveyed, part of lot 8 was expressly excluded. It is to be observed that these provisions of the deeds are repugnant to each other. But when we consider the circumstances surrounding the parties at the time the conveyances were made, we think the particular description by metes and bounds, which expressly excludes the north part of lot 8, should be regarded as the land intended to be conveyed by the grantors. In the conveyance from Z. B. Evans he described himself as the heir of Ann B. Evans. He must have therefore intended to convey the land he

Miller v. The Minnesota & N. W. Ry. Co.

inherited from Ann B. Evans, and not that which he inherited from his father, J. N. Evans. It is true that in the conveyance of J. C. Evans he is not described as the heir of Ann B. Evans. But he conveyed by precisely the same description. And it appears that Z. B. Evans attended to the business of making the sale for himself, and for his brother J. C. Evans, It further appears that the defendant has had part of the land fenced since 1881, the time of his purchase, and no adverse claim was made until the plaintiff acquired his alleged title, in December, 1886, and commenced this suit in February, 1887. We are aware of the rule that it is proper to consider the circumstances surrounding the parties in construing the description in conveyances, for the purpose of arriving at the intention of the parties; but, of course, these circumstances must be considered in connection with the language to be construed. Taking these elements into consideration, we conclude that the district court correctly held that the land in controversy was not conveyed to the plaintiff's grantors.

AFFIRMED.