ELIZA ANN GOLDIZEN, Appellant, v. JOHN M. GOLDIZEN, *et al.*

**Estoppel of Widow:** PARTITION. Testator devised to his widow certain lands, chattels and money, and gave to her the use of the residue of his property until their youngest child should attain his majority, whereupon it should be equally divided among his legal heirs then living, and nominated the widow and one of his sons to execute his will. The widow took a prominent part in the settlement of the estate; accepted the provisions of the will in her favor; recognized the rights of the heirs in and to the residue as vested; conveyed to her co-executor, who had acquired by purchase the several interests of the other heirs in the remaining real estate, the interest of one who had died in the meantime, intestate, and without issue, and which had descended to her; admitted to him, thereafter, that she had no interest in such residuary real estate; advised him respecting the sale of portions thereof, and, with full knowledge of such sales, when made by him, acquiesced therein; and, several years after such transactions, brought suit for partition of such real estate, on the alleged ground that she was entitled to one-third thereof as her distributive share. *Held,* that she was estopped to assert such claim.

*Appeal from Warren District Court.*—HON. A. W. WILKINSON, Judge.

TUESDAY, JANUARY 24, 1899.

OMER Goldizen died testate on the seventeenth day of July, 1883, leaving the plaintiff as his widow, and certain children and grandchildren as his heirs at law, who are defandants, one of whom is John M. Goldizen. The following are provisions of his will: "First, I give, devise, and bequeath to my wife, Eliza Ann, the southwest quarter of the northwest quarter of section 5, township 76 north, of range 22, together with all the buildings and improvements thereon, to have free and unrestricted use and posession of the same so long as she may live, said land being my present place of residence. Also the south half of the northeast qr. of northwest qr. sec. nine (9), twp. seventy-six (76). I further desire that she have all my household . goods, furniture, etc., and one span of horses, which she is to select after my death, together with three head of milk cows and six head of hogs, and two hundred dollars in money. Second. I give and bequeath to my wife, Eliza Ann all the balance of my property, both personal and real, to have and to hold and to use the same for the support of the children under age until the youngest has arrived at the age of twenty-one. I then desire that an equal division of said property be made to all my legal heirs then living." The will nominates the widow and John M. Goldizen to execute its terms. The testator died seised of one hundred and eighty acres of land, sixty acres of which is devised by the first clause of the will. The remaining one hundred and twenty acres is not specified in the will, and is only affected by the general devise in the second clause. The action is for partition, and the petition shows, as amended, that the plaintiff owns absolutely the twenty acres of land last described in the first clause of the will, as quoted, and of the remaining one hundred and sixty acres she claims she is entitled to a distributive share of one-third under the law, notwithstanding the provisions of the will. It appears that one of the heirs died in 1884, leaving plaintiff as his heir at law, to

whose interest she succeeded. This interest in the one hundred and twenty acres she conveyed to defendant, John M. Goldizen, and, by purchase, he is the owner of the interest therein of all the other heirs. Of the one hundred and twenty acres, John M. Goldizen has sold forty acres to each of the defendants, M. T. Flesher and J. W. Bruce, and is the present owner of the other forty acres, subject, of course, to plaintiff's rights as herein determined. The petiton makes specific averment of the interests of the several heirs of Omer Goldizen, and of her interest, and asks a confirmation thereof, and for partition accordingly. In view of the present ownership, it will subserve every interest of this appeal to define the plaintiff's claim as a one-third interest in the land. Some of the allegations of the petition are of legal conclusions, and are to be disregarded in the settlement of the issues, and the facts that are to be determined from the pleadings. The petition states that plaintiff accepted under the will, but avers that such acceptance is not inconsistent with her right to a. distributive share under the law. The defendants John M. Goldizen, M. T. Flesher, and J. W. Bruce filed separate answers, nearly identical in language, and of the same legal import; those of Flesher and Bruce being varied to show the fact that they purchased of Goldizen, and are protected as his grantees. With this statement, it will only be necessary to refer to the answer of Goldizen, which shows the facts generally as we have stated them, and that plaintiff elected to take under the will, and did so. The following is the fourth paragraph of his answer: "Par. 4. The defendant, further answering, says: That the plaintiff has accepted the provisions of the will; was appointed an executrix of the said estate; served with her co-executor, John M. Goldizen, this defendant; signed and made oath to all the reports; signed the inventory and all other papers requiring the signature of the executor in the settlement of the estate; received the personal property specifically bequeathed to her, including two hun-

dred ($200.00) dollars in money; accepted the provisions
of the will, and continues to use and occupy the land specifi-
cally willed to her during her life, under the will, and used
all the balance of the property, both real and personal, until
the youngest child became twenty-one years of age, a time
about five years after the death of the said Omer Goldizen;
and never claimed any distributive share of the personal
estate after the youngest child became of age, but, as an
executrix, made her final report, stated the account for dis-
tribution, and on said final report there was a balance of
about eight hundred and eighty-eight dollars, and reported
to the court that said sum belonged to the heirs of Omer
Goldizen, under the will, to be divided into eight different
shares; that she was entitled to one of said shares as the heir
of Seigel Goldizen, who had died subsequent to the death of
said Omer Goldizen, intestate, and without issue, and, as
such, received and receipted for the one-eighth share of said
money.    That the said report and construction of the will,
as made and accepted by her, was made, filed, and approved
by the court, and she was discharged as such executrix, prior
to the time defendant sold part of said land.    That defend-
ant frequently talked to plaintiff about his owning
the whole of said land, to-wit, S. W. quarter of
S. W. quarter 32-77-22, and the N. W. quarter of the
N. W. quarter of section five (5), and S. W. quarter
of the N. E. quarter of section eight (8), township 76-22
5th P. M. Iowa, and that he would like to sell all or
part of it, and buy a tract lying together; and she spoke to
him about his owning, and thought it would be well for him
to sell it, and buy a tract together, so that he could farm
and use it altogether.    That she knew for years that defend-
ant claimed to own all of said one hundred and twenty acres,
and talked to and admitted to him that he was the owner
thereof, and that she had no claim in it.    That she knew
that he was selling part of said land, and was receiving pay
therefor, and made no objections thereto, or any claim that

she had any interest therein. That, about the time the youngest child became twenty-one years of age, she sold and conveyed by deed, as heir at law of Siegel Goldizen, to this defendant, all the land not specifically devised to her, and did not at that time claim or assert any claim or right of dower or distributive share of the said one hundred and twenty acres. That this defendant had before purchased and received deeds from all the other heirs to the said lands; and that, on conveyance of her to him of her interest, as heir of Siegel Goldizen, after the youngest child had became twenty-one years of age, this put the said defendant in the full, complete, actual and adverse possession of all of said lands. That said defendant has continued in possession of all of said lands, and had control and ownership of same, with her knowledge and consent, without any protest or objections on her part, without any claim of right or interest in any of the same. That she knew, all the time, defendant claimed said land, sold part to J. W. Bruce, and part to M. T. Flesher, and made no claim to any part thereof, or any of the proceeds of sale. That this defendant's grantees took possession, and occupied and owned said land so sold to them, without any claim to any part, or any objections thereto, on part of plaintiff, and with her knowledge and acquiescence. That she accepted under the will, and resided on, and now resides on, the part of the lands specifically devised to her, and which lies near a part of the said one hundred and twenty acres. That this plaintiff always knew that this defendant claimed to own, and did own, and has possession of, said one hundred and twenty acres of land; that he was selling part of it, receiving the pay therefor. That she made no objections thereto, claimed no interest therein, or to any part thereof; and that defendant knew nothing of any claim of plaintiff until the commencement of this suit. And that, by reason of all the matters herein stated, plaintiff is now estopped from claming any interest, right, or title to any part of said one hundred and twenty

acres of land." The answer also asked, as affirmative relief, that the title to the one hundred and twenty acres be quieted in Goldizen, Flesher, and Bruce according to their interests, and the answers of Flesher and Bruce made a corresponding prayer as to their interests. To the three answers there was a general demurrer, which the court overruled, and, the plaintiff electing to stand thereon, judgment was entered, granting the relief sought in the answers. The plaintiff appealed.—*Affirmed.*

*Ed. T. Hatfield* and *Mackenzie, Dewey & Jackson* for appellant.

*H. McNeil* for appellee John M. Goldizen.

*Henderson & Berry* for appellees M. T. Flesher and J. W. Bruce.

GRANGER, J.—Care should be taken to understand that this case was determined below on a demurrer to the answers filed, which answers made defense, and sought relief, only as to the one hundred and twenty acres of land not included in the first clause of the will; and the decree entered limits its operation, by specific reference, to the forty acres claimed by each, John M. Goldizen, Flesher, and Bruce. These three defendants and the plaintiff are the only parties in court on this appeal, and, really, the only parties in interest, so that it may be understood that the adjudication leaves unaffected the sixty acres of land devised in the first clause of the will. There is quite an extended argument as to a proper construction of the will, directed to the question whether the provisions of the will for the benefit of the widow are in lieu of dower, or whether she takes under the will, and also her distributive share under the law. The arguments embrace a discussion of many of the cases in this state, including *Rittgers v. Rittgers,* 56 Iowa, 218, and *Van Guilder v. Justice,* 56 Iowa, 669. We do not

feel called upon to settle any controversy as to the applic-
ability of those or other cases to this particular question,
because of our conclusion that the plea of estoppel is well
taken. It is not easy to find a case in which the elements of
estoppel more clearly appear, or the doctrine of estoppel
could be more equitably applied. We may correct what
appears to be a misapprehension of the record as to a ques-
tion of fact. It is said by appellant that it is admitted in
the record that Mrs. Goldizen had no knowledge of her right
to the distributive share of her husband's estate until the com-
mencement of this proceeding. We can find no such admis-
sion. Such a want of knowledge would be as to a question of
law, and it is urged that any representation made or act done
under a mistaken idea of the law would not constitute
estoppel. The applicability of the rule to a proper case is not
doubted, but it is in no manner presented by the issues, nor
involved, in this case. That the plaintiff from 1883, when
her husband died, to 1896, when this suit was commenced,
intended to take under the terms of her husband's will the
devise as to the sixty acres, and that the other one hundred
and twenty acres would belong to the heirs, unaffected by any
claim on her part, is not doubted. It is not to be said that
this intention was induced by any misrepresentation, fraud,
or ignorance of fact. She was prominent in all the details
of settling the estate. She knew of the provisions of the will,
and her opportunity for knowing its legal meaning was equal
to that of any of the others interested. It does not appear
that, prior to the commencement of this action, the legal effect
of the will was ever questioned. Just why, does not appear;
but she, one the one hand, and the heirs, on the other, accepted
certain rights in the real estate,—probably as the will was
thought to grant them,—and not only settled the estate, but in
other ways treated such rights as vested. With this under-
standing as to their respective rights in the land, other heirs
of the estate conveyed to John M. Goldizen their shares, receiv-
ing full pay therefor, and the plaintiff, having inherited one

of such shares, and with full knowledge of the understanding, sold and conveyed such interest to him; so that, from all of such purchases, he might become the owner of the one hundred and twenty acres. With full knowledge that he claimed to own the land, she admitted to him that she had no interest in it; suggested his selling a part of it so as to buy other land, and knew that he did sell it to Flesher and Bruce, and received his pay therefor, and she acquiesced in the sales. In the present attempt to get a distributive share, she is attempting to get back one-third of the share of the land she sold to John M. Goldizen and received the pay for. If it could be said that all these facts are the result of a mistake, or want of knowledge, it should be said in reply that no such claim is made in the record. She seeks relief now just as she would have sought it after the death of her husband, and before any of the facts pleaded to estop her accrued. She nowhere says she was mistaken, nor does she ask to be relieved from the situation because of a mistake, or of ignorance of her rights. The case comes within the plain and familiar rule that she did not speak when she should have spoken, and she cannot be heard now. In argument, considerable importance is attached to her acts in her representative capacity while settling the estate. In our consideration of the case, we have given such facts little, if any, consideration, preferring to place our conclusion on her independent personal acts, and her treatment of the property and the parties. The judgment will stand AFFIRMED.