THERESA LEWIS v. SHERWIN BROS., ET AL., Appellant.

**Wills:** DESCRIPTION OF PROPERTY: CONSTRUCTION. A devise of a certain city lot " being 120 feet of lot 13," which lot, by reference to the plat was only 108 feet deep, is held to have carried the excess ground which was owned by the testatrix, where the entire tract as described in the will was occupied by her without limitation to the boundaries of lot 13 as described by the plat.

**Estoppel:** FAILURE TO ASSERT AN INTEREST IN REAL PROPERTY. Failure to assert an interest in real property for nearly ten years, as against one claiming the entire fee, with knowledge of such claim and that valuable improvements were being made, will work an estoppel.

*Appeal from Wapello District Court.*— HON. C. W. VERMILLION, Judge.

THURSDAY, JULY 13, 1905.*

ACTION to enjoin the issuance of a sheriff's deed under a sale of the premises in controversy on execution issued under judgment of defendants Sherman Bros. against Rosa Furestenburg. Plaintiff alleges that she is the owner of the premises in ·question, and that Rosa Furestenburg has no title or interest therein subject to execution sale. By the decree the defendants are perpetually enjoined from sell-

* See date supplemental opinion.

ing the premises or from acquiring or transferring any title under the pretended sale, and the title of the premises is, as against the defendants, quieted in the plaintiff. Defendants appeal.— *Affirmed.*

*McElroy & McElroy,* for appellants.

*McNett & Tisdale,* for appellee.

McCLAIN, J.— Plaintiff is the granddaughter of one Sarah Sampson, now deceased, who formerly owned a lot in Ottumwa twenty and one-half feet front by one hundred and twenty and one-half feet in depth, with the buildings thereon. As appears from the plat introduced in evidence, this tract covers lot thirteen of a subdivision of what is designated on the original plat of Ottumwa as " Mill Donation," which lot is twenty and one-half feet front on Main street and one hundred and eight feet in depth along Market street, and also a tract of the same width at the rear of said lot thirteen extending twelve and one-half feet further back along Market street. By the will of Sarah Sampson the plaintiff, whose maiden name was Theresa Furestenburg, became entitled to either the whole of this tract or to the portion constituting lot thirteen, by the following description: " The lot owned by me and situated on the corner of Main and Market Sts., Ottumwa, Ia., being one hundred and twenty feet of lot thirteen of Myers & Woods' Subdivision of ' Mill Donation ' to Ottumwa, Ia., subject to the life estate of my husband Goldman Sampson."

1. WILLS: description of property: construction.

The life estate is now extinguished by the death of Goldman Sampson, and, if this description covers the entire tract belonging to and occupied by Sarah Sampson, then the portion of the tract twelve and one-half by twenty and one-half feet in dimensions not included within the limits of lot thirteen as above described was not subject to execu-

tion sale as the property of the judgment debtor of Sherman Bros., Rosa Furestenburg, plaintiff's mother. On the other hand, if this description in the devise to plaintiff does not cover the portion of the tract outside of the limits of lot thirteen, then Rosa Furestenburg was the owner thereof, or had an interest therein by descent from her mother, Sarah Sampson, and this portion of the tract, or her interest therein, as the case may be, was subject to execution sale. In the view which we take of the case, it will not be necessary to discuss the extent of the interest of Rosa Furestenburg, if she had any interest, that question depending on whether the devise of a life estate to Goldman Sampson was in lieu of his distributive interest in his wife's estate, or whether it was in addition to such distributive interest. We have only occasion, as we look at the case, to determine whether or not the entire tract, twenty and one-half by one hundred and twenty and one-half feet was devised by the will to this plaintiff.

The description in the will to this plaintiff purported to cover the front one hundred and twenty and one-half feet of lot thirteen, and if lot thirteen were in fact one hundred and twenty and one-half feet or more in depth, then there would be no ambiguity or uncertainty as to the title, and the entire tract passed without question to this plaintiff, but on applying the description to the plat it is discovered that lot thirteen is only one hundred and eight feet in depth, and an ambiguity thereupon arises as to whether or not the testatrix intended to devise to plaintiff the portion of the tract not included within the platted limits of lot thirteen. In attempting to apply the description to the premises, either the tract devised must be confined to lot thirteen, in which case the portion of the description indicating the depth of the lot must be disregarded, or the description must be interpreted as covering the entire tract, and the limitation to the boundaries of lot thirteen must be disregarded. By extrinsic evidence it was shown on the trial that the

entire tract twenty and one-half by one hundred and twenty and one-half feet was owned by the testatrix at the time of the execution of the will and at the time of her death, and occupied by her as an entirety, being covered with continuous buildings. The map of the city of Ottumwa published in 1900 shows lot thirteen and other similar lots of Myers & Woods' Subdivision of " Mill Donátion " to extend back from Main street one hundred and forty-one feet, but it must be conceded, in view of the official plat of Myers & Woods' Subdivision, that these lots are in fact only one hundred and eight feet in depth. The map indicates, as we think, a general understanding on the part of the public as to the depth of these lots, which would explain and render consistent the description in the will. We are satisfied that the intention of the testatrix was to devise to plaintiff the entire tract owned and occupied by her without limitation to the boundaries of lot thirteen as shown by the official plat, and this conclusion disposes of the case. *Barney v. Miller,* 18 Iowa, 460; *Waldin v. Smith,* 76 Iowa, 652; *Clifton Heights Land Co. v. Randell,* 82 Iowa, 89; *Eckford v. Eckford,* 91 Iowa, 54.

The decree of the trial court is therefore *affirmed.*

### Supplemental Opinion on Rehearing.

#### THURSDAY, FEBRUARY 15, 1906.

MCCLAIN, C. J.— On a petition for rehearing it is contended that the opinion does not dispose of a claim of defendants based on a right of Rosa Furestenberg to a one-

2. ESTOPPEL: failure to assert an interest in real property.

third interest of her father Goldman Sampson in the property in question as a distributive share in his deceased wife's property to which he was entitled, notwithstanding the provisions of her will. But with reference to this claim it is sufficient to say that at no time since the death of testator, nearly twenty years before defendants' levy, has any claim been

made by Goldman Sampson, or by Rosa Furestenberg as his heir, to any interest in this property as a distributive share. Perhaps Goldman Sampson would not be estopped during his lifetime to assert any right inconsistent with or in addition to his life estate under the will, for his interest was to be determined under section 2452 of the Code of 1873. But the failure of Rosa Furestenberg for nearly ten years to assert any interest as heir of her father, as against plaintiff claiming title in fee to the entire property under her grandmother's will and making improvements at large expense, amply supports the estoppel pleaded as against Rosa Furestenberg, who had full knowledge of the facts, and as against the defendants, who stand in her shoes and attempt to assert a title or interest in her.

We therefore adhere to the conclusion reached in the original opinion that the decree of the trial court should be *affirmed.*