MARIA KOEP, Appellant, v. H. H. KOEP and A. F. KOEP, ET AL.

**Wills:** DISTRIBUTIVE SHARE: ELECTION: ESTOPPEL.  A widow who might have been entitled under the Code of 1873 to a distributive share in her husband's estate, in addition to the provisions of the will for her benefit, may be estopped by her conduct, relied upon by others interested in the estate, from asserting her right to such distributive share, regardless of any formal election to take such distributive share.  The evidence in the instant case is held to establish such an estoppel.

Same: LIFE ESTATES: ACCOUNTING FOR RENTS AND PROFITS. Where
2  the widow to whom a life estate was bequeathed, with the re-
mainder to certain children, continued to live on the premises
with such children as the head of the family for several years,
during which time the rents and profits were collected by the
remaindermen and used with her knowledge and consent for the
support of the family, in making improvements upon the premises
and paying the husband's debts, she could not claim that the re-
maindermen were in possession as her tenants and were account-
able to her for rents and profits during such time.

*Appeal from Benton District Court.*—HON. J. M. PARKER,
Judge.

SATURDAY, NOVEMBER 2, 1909.

REHEARING DENIED, SATURDAY, FEBRUARY 19, 1910.

ACTION for partition of real estate, and for an ac-
counting as to rents and profits. There was a decree for
defendants dismissing plaintiff's petition, and the plaintiff
appeals.—*Affirmed.*

*W. C. Scrimgeour* and *Tom H. Milner,* for appellant.

*C. W. E. Snyder* and *C. Nichols,* for appellees.

McCLAIN, J.—Plaintiff is the widow, and defendants,
H. H. Koep and A. F. Koep, are the sons of Charles
Koep, who died testate in 1890, owning the eighty acre
tract of land to which this controversy relates. In his will
he provided that plaintiff should have a life estate in said
land, out of which she should pay legacies to certain of
the children to the extent of $200, and it was further pro-
vided that, after the termination of said life estate, de-
fendants above named were to receive equal shares of the
remainder of the property. These two sons were minors
at the time of their father's death, living with plaintiff on

the land, and they continued to live with her, farming the place, until in 1897 H. H. Koep married and went elsewhere to live. A. F. Koep continued to reside on the place with the plaintiff until she left in 1907 to reside with a married daughter. Plaintiff now asks that she have set off to her by partition one-third of the land by way of distributive share, claiming to be entitled thereto in addition to the life estate given to her by the will, and she further asks for an accounting as to the rents and profits of the land received by said defendants while they have been living thereon.

Under the provisions of section 2452 of the Code of 1873, which was in force when Charles Koep died, the widow's share in the real estate of her deceased husband could not be affected by any provisions of his will, unless she consented thereto within six months after notice, which consent must be entered of record, and it is conceded that no specific notice of the provisions of the will was served upon plaintiff, and that no record of her consent thereto was ever made. Counsel for appellees insist that the provision for a life estate was necessarily inconsistent with the distributive share given to the widow by law, and that, having enjoyed the life estate, she can not now insist upon taking a distributive share, or, on the other hand, if she insists on her distributive share, she can not have the benefit of a life estate given by will. As we reach the conclusion indicated in a subsequent paragraph of this opinion that plaintiff is estopped from asserting her right to a distributive share by her conduct, we need not discuss the question whether the provisions of the will were inconsistent with the taking of a distributive share.

I. We think it appears by a preponderance of the evidence that at various times when the questions of making improvements on the property were discussed between plaintiff and these defendants the plaintiff urged said defendants to put permanent improvements upon the property, assur-

ing them that the property would be theirs after the ter-
mination of her life estate; that defend-

**I. WILLS:**
distributive
share:
election:
estoppel.

ants, in reliance upon these assurances of
plaintiff, did continue to live on the farm,
giving their entire time and labor to conducting it;
that out of the proceeds they did make permanent im-
provements of considerable value, and that they also paid
out of the proceeds the legacies which were chargeable
upon plaintiff's life estate and a considerable indebtedness
of their father's estate, for which they would not otherwise
have been personally liable, and that one of them also
contributed to these purposes a small amount of personal
earnings which he had acquired by other labor during one
year of this occupancy. That a widow entitled to a dis-
tributive share in addition to the provisions of the will in
her behalf may estop herself by her conduct from assert-
ing her right to such distributive share regardless of any
formal election is well settled. *Goldizen v. Goldizen,* 107
Iowa, 280. We think it immaterial in this case whether
the plaintiff was entitled to her distributive share in addi-
tion to the life estate given her by the will. Even if
she had a legal right to such distributive share, she might
by her acts and conduct relied upon by these defendants
to their prejudice estop herself from asserting this legal
right. In this respect she is, like any other person having
a legal right, bound by estoppel if she induces others to
act to their prejudice on the assurance that such legal
right is not to be asserted as against them. *Lewis v.
Sherwin,* 129 Iowa, 682; *McDowell v. McDowell,* 141 Iowa,
286; 16 Cyc. 802. These are cases of estoppel in general,
but they are applicable, as we think, to the acts and con-
duct of this plaintiff on which defendants relied. The
case of *Jones v. Jones,* 137 Iowa, 382, is not at all incon-
sistent with this conclusion. In that case it was held that
the mere failure of the widow to make a statutory election
as between the provisions of the will and the distributive

share given by law would not estop her from claiming her distributive share. But the court recognized the possibility of an estoppel where no election is necessary, if the widow has so treated the property as to mislead other interested parties, to their prejudice. We hold that in this case acts and conduct of the plaintiff led the defendants, relying thereon, to invest money in the improvement of the premises and in the payment of debts of their father's estate which they were not personally bound to make or pay, and that, therefore, they would be prejudiced if the widow were now allowed to assert her right to a distributive share.

II. We see no merit in plaintiff's claim for an accounting for rents and profits. She lived upon the premises as the head of the family until 1907—that is, during the entire period as to which an accounting is demanded—and the proceeds of the farm all collected by the defendants were applied to the general support of the family, to the making of improvements, and to the payment of the debts of the father's estate. This was with the consent of plaintiff and she can not now insist that the defendants shall pay rent for the premises as thus used, even though she as life tenant, was entitled to rent had the premises not thus been used by her. Defendants were under no obligation to remain and carry on the farm by their labor if the plaintiff had insisted upon treating them as tenants.

*2. SAME: life estates: accounting for rents and profits.*

The decree of the trial court is *affirmed.*