STARK et al. v. BROWN et al. (No. 414.)

(Court of Civil Appeals of Texas. Beaumont. March 10, 1919. On Rehearing, April 2, 1919.)

1. ADVERSE POSSESSION ⬅45—INTERRUPTION OF CONTINUITY OF POSSESSION BY SUIT—DECRIPTION OF LAND.

In trespass to try title, where plaintiffs' title was one by limitation, a former suit by defendants against plaintiffs' tenants did not break the continuity of plaintiffs' possession of the land involved in the instant suit, where, although the petition in the former suit described generally the land involved therein as being a certain survey which in fact included the land in the instant suit, such general description was followed by a particular description by metes and bounds, not including it; the particular description controlling the general.

2. APPEAL AND ERROR ⬅1097(1)—PRIOR APPEAL—LAW OF CASE—DICTA.

A statement unnecessary to the decision of a former appeal is not conclusive on subsequent appeal.

3. TRIAL ⬅191(4)—INSTRUCTIONS — ASSUMING ISSUES.

In trespass to try title, plaintiffs setting up title by limitation, a submission of the question of plaintiffs' adverse possession through certain named persons as tenants would be objectionable as assuming that such persons were plaintiffs' tenants, and therefore on the weight of evidence, were the facts not sufficient to warrant such assumption.

4. APPEAL AND ERROR ⬅1099(7)—PRIOR APPEAL—ISSUES DETERMINED ON PRIOR APPEAL.

Where appellants refer in their brief to the former appeal in the case for a full statement of facts, and such statement is not contested by appellees, questions of fact decided on former appeal are concluded on the subsequent appeal.

Appeal from District Court, Newton County; W. T. Davis, Judge.

Suit by Emanuel Brown and others against W. H. Stark and others. From judgment for plaintiffs, defendants appeal. Affirmed.

Holland & Holland, of Orange, for appellants.

Wightman, Hancock & Wigley, of Newton, for appellees.

WALKER, J. This is a suit in trespass to try title, brought by appellees against appel-

lants to recover 160 acres of land, a part of International & Great Northern Railway survey No. 5 in Newton county, appellees' title being one by limitation, and appellants being, by agreement, the owners of the record title. There was a judgment for appellees, from which appeal has been properly perfected. A former appeal is reported in 193 S. W. 717. A full statement of the facts of this case is given in the former opinion, to which we hereby refer.

This case was tried on special issues, and on the return of the verdict of the jury both parties filed motions asking the court to render judgment in their favor on such findings. Under the charge of the court, answering the special issues submitted, the jury found that the plaintiffs, through tenants, had held and had peaceable possession of the land described in plaintiffs' petition, using and cultivating the same, and claiming the same for a period of ten consecutive years prior to January 1, 1918, to wit, from 1902 to 1917, inclusive. They further found that the possession began in the year 1902. They further found that the possession and acts of plaintiffs, through their tenants, were of such nature and character as to put a reasonably prudent person on notice that the plaintiffs were occupying said land and claiming 160 acres thereof. Quoting from the former opinion:

"The section of land involved contains about 388 acres, and is of irregular shape, about 90 acres thereof lying below a point where the two adjoining surveys come within 20 varas of each other, and from that point extending out in irregular shape around such adjoining surveys."

The shape of this section is so irregular that we insert here a map of same in order that our decision of the points involved may be more readily understood.

In 1910 the appellants in this case filed suit against Hannah Rhone and Jim Brown in the district court of Newton county, Tex., the lands involved in that suit being described as follows:

"That heretofore, to wit, on or about January 1, 1910, plaintiffs were lawfully seized and possessed and were the owners in fee simple of the following described tract of land, situated in Newton county, Tex., to wit: Being I. & G. N. survey No. 5, abstract No. 246, certificate 3880, beginning at McMahon's S. W. corner on the Miller league line, a point from which a black oak marked 'W. M.' bears south 3.4 varas, and a black gum, same mark, bears south 57° W. 56 varas; thence N. 40° E. 872 varas, the S. E. corner of F. M. Stewart survey; thence north 50° W. with Stewart's line 950 varas past Stewart's S. W. corner, and at 973 varas stake on Keaghey's east line; thence south 1,100 varas to Keaghey's S. E. corner on Miller line; thence south 50° E. 252 varas to the place of beginning."

On the 17th day of March, 1913, a judgment by agreement was entered in this last-named cause wherein the plaintiffs recovered from Hannah Rhone and Jim Brown the lands involved in that litigation; the judgment reciting the same description as given in plaintiffs' petition.

On the former trial of this case the jury found that the possession of the plaintiffs under their plea of ten years' limitation began in 1898. On the trial from which it is now before us the jury found that the possession of plaintiffs began in 1902.

By a proper charge appellants requested the court to instruct the jury that the filing of the suit in 1910 broke the possession of plaintiffs, thus preventing their holding from being "peaceable," as that term is defined by statute. Appellants also filed a motion, at the close of the testimony, asking the court to enter judgment in their favor on the record. This charge and this motion were by the court refused.

Appellants' first assignment is that the court erred in failing to render judgment for them on the verdict of the jury.

[1] Under this assignment, appellants assert that their petition in the suit filed in 1910 was for all of survey No. 5, and that the suit against Hannah Rhone and Jim Brown, who were tenants of the appellees, broke the continuity of their possession, and, as the jury found on this trial that their possession began in 1902, they had only eight years' possession, and hence cannot recover.

If plaintiffs' suit filed in 1910 included all of I. & G. N. survey No. 5, then this proposition is well taken.

The construction of the description in the suit filed in 1910 is not entirely free from difficulty. We have above set out this description in full. The general description, "being I. & G. N. survey No. 5, abstract No. 246, certificate 3880," includes all of this sur-

vey, and is sufficient to identify the same; but, in addition, appellants followed this general description by a particular description describing the land sued for by metes and bounds.

In construing descriptions of the character involved in this appeal, Devlin, in his admirable work on Deeds (volume 2, p. 2016, § 1039), announces the following general rule:

"Where there is a repugnance between a general and a particular description in a deed, the latter will control. But, whenever possible, the real intent is to be gathered from the whole description, including the general description as well as the particular."

In support of this rule, he cites the following Texas cases: Stafford v. King, 30 Tex. 257, 94 Am. Dec. 304; Cullers v. Platt, 81 Tex. 258, 16 S. W. 1003; Tate v. Betts, 97 S. W. 707.

In Tate v. Betts, supra, Chief Justice Fisher said:

"The only question in the case is as to whether or not the trial court placed the proper construction on the deed from Bennett Hill to Metzler. If the conclusion reached by the court was correct, the judgment in appellee's favor must be affirmed. The ruling of the court is supported by Cullers v. Platt, 81 Tex. 263, 16 S. W. 1003, and Boggess v. Allen, 56 S. W. 195. In both cases the particular description contained in the deeds was held to control the general description."

In Cullers v. Platt, supra, the general description conveyed all the land in the Tyson survey except 140 acres belonging to the Montgomery estate, and also described the land conveyed by metes and bounds. In disposing of the same, the Supreme Court said:

"But the rule is that, where there is a repugnance between a general and a particular description in a deed, the latter will control (2 Dev. on Deeds, § 1039), although, whenever it is possible, the real intent must be gathered from the whole description, including the general as well as the particular. Where a grantor conveys specifically by metes and bounds, so there can be no controversy about what land is included and really conveyed, a general description as of all of a certain tract conveyed to him by another person, or, as in this case, all of a survey except a tract belonging to another person, cannot control; for there is a specific and particular description about which there can be no mistake and no necessity for invoking the aid of the general description."

In Waldin v. Smith, 76 Iowa, 652, 39 N. W. 82, the court said:

"But it is claimed by appellant that because the deeds from the subsequent owners described the land as 'lot 8 and part of lot 7,' instead of 'part of lots 7 and 8,' the whole of lot 8 was conveyed, notwithstanding that in the subsequent part of the description by metes and bounds, and in the quantity of land conveyed, part of lot 8 was expressly excluded. It is to be observed that these provisions of the deed are repugnant to each other. But when we con-sider the circumstances surrounding the parties at the time the conveyances were made, we think the particular description by metes and bounds, which expressly excludes the north part of lot 8, should be regarded as the land intended to be conveyed by the grantors."

Looking to the intention of the parties at the time of the institution of the suit in 1910, it seems to us clear that appellants were suing only for the southern portion of the survey No. 5, that is, the portion described by metes and bounds. Mr. Cox, a witness for appellants, and a surveyor in their general employ, testified that he made the field notes to this 93 acres; that when he did so he saw the improvements north of the 93 acres which are now claimed by appellees; that the improvements were old; that the house was occupied and the land cultivated, and that he knew that Jim Brown was working a part of this land now claimed by appellees; also that there had been some trespassing on the land now claimed by appellees; and that he had gone down there to look after that. Yet, with this information in his hands, he surveyed out for appellants this 93 acres, and on these field notes his suit was brought.

We think, under the general rules of construction, as above stated, the suit filed in 1910 was only for the 93 acres specifically described.

Appellants' second proposition under their first assignment of error is that this court, in the former appeal, determined that the suit filed in 1910 was for all of the survey No. 5, and not for the particular portion described by metes and bounds, and, having so decided, such decision is now the law of this case.

Appellants cite the following paragraph from Judge Brooke's opinion:

"On August 9, 1910, defendants here, as plaintiffs, brought suit against Hannah Rhone and Jim Brown, being the persons in possession, to recover International & Great Northern survey No. 5, and plaintiffs' petition in that case describing what may be called the south part of section No. 5. In 1913 a judgment by agreement was entered in plaintiffs' favor for the land in dispute."

[2] We cannot sustain this proposition for two reasons:

(1) Because it was not necessary to a decision of the former appeal to construe this description. On the former appeal the jury found that the possession of appellees began in 1898, and the ten years' possession was complete before 1910, which possession had matured the title in appellees before the institution of that suit.

(2) Because we do not so construe the opinion. In making the statement above quoted, Judge Brooke only stated the description as it was found in the petition, without attempting to construe the same. However, later on in the opinion this language is found:

"The issue of limitation was a sharply contested issue, and a great deal of testimony pro and con was introduced before the jury on the question of whether or not the plaintiffs had made out their plea of ten years' limitation before suit was filed by appellant in 1910 for the possession of a part of the survey against Hannah Rhone and Jim Brown."

In so far as it was necessary to pass on that description, the former decision holds that it was for only a part of the survey; and now, after a careful examination of the authorities, we are of the same conclusion as indicated above; that is, that the 1910 suit was for only that portion of the survey described specifically by metes and bounds.

[3] The court submitted the issue of limitation to the jury in the following language:

"Have the plaintiffs, either in person or through tenants, Hannah Rhone, Jim Brown, and B. Snell, had and held adverse and peaceable possession of the land described in plaintiffs' petition, being a portion of I. & G. N. R. R. Co. section No. 5 in Newton county, Tex., using and cultivating the same, and claiming the same for any period of ten consecutive years prior to January 1, 1918, by a separate inclosure or inclosures and under fence entirely on said section No. 5?"

Appellants complain of this charge, asserting that the same assumes that Hannah Rhone and Jim Brown and B. Snell were the tenants of appellees, and therefore the charge is on the weight of the evidence.

As an abstract proposition, this assignment is well taken, and if, under the facts in the record, the court was not warranted in so assuming, this charge would be error.

[4] In their brief appellants refer us to the former appeal in this case for a full statement of the facts. On this statement from appellants, it not being contested by appellees, it is our duty to find that the facts on this appeal are identical with the facts on the former appeal, and hence all issues of fact determined by the court before are binding on us now, unless the correctness of such findings was an issue on the subsequent trial. Vernon's Sayles' Texas Civil Statutes 1914, art. 1639, p. 930, § 6, Issues Determined on Prior Appeal, and cases therein cited.

On the former appeal this court found as a fact that Hannah Rhone and B. Snell and Jim Brown were the tenants of appellees during the time their possession matured title in their landlord, the court saying:

"Appellees' claim of occupancy, cultivation, and use under the statute is based upon the occupancy, cultivation, and use by their tenants, Hannah Rhone, B. Snell, and Jim Brown, as hereinbefore recited, and they do not claim to have ever occupied, cultivated, or used the land otherwise for the required length of time. The tenancy of the parties is not evidenced by any writing, and is based on verbal attornment from year to year between the landlord and tenant."

As no issue was made against this finding on this trial and as appellants adopt the statements made by the court in our former opinion, it is our duty to hold that Jim Brown, Hannah Rhone, and B. Schnell were the tenants of plaintiffs, and the trial court was not in error in so assuming in his charge.

Apart from this, construing the 1910 suit to include only that portion of the land described by metes and bounds, an examination of the record shows that there was no controverting testimony on the issue of tenancy; and the court, even on the record as made on this appeal, committed no error prejudicial to appellants, in assuming that the persons named were the tenants of appellees.

Appellants have very ably presented the issue of estoppel. They specially pleaded, in answer to plaintiffs' plea of ten years' limitation, that plaintiffs were not made parties to the suit in 1910 because plaintiffs held out and represented to them that Hannah Rhone owned the land involved in that suit.

If the description in that suit had been sufficient to include all of the land in survey No. 5, appellants' plea of estoppel would be immaterial, because plaintiffs' possession would have ceased in 1910 when suit was filed against Jim Brown and Hannah Rhone; but, as that suit involved only the 93 acres, no representation made by plaintiffs as to the ownership of the 93 acres could afford a basis for a plea of estoppel as to the lands now claimed by them, and the court did not err in failing to submit this issue to the jury.

Finding no errors in the record, this case is affirmed.

### On Rehearing.

In the original opinion we found that Mr. Cox, a witness for appellants, testified that he made the field notes of the 93 acres claimed by Hannah Rhone and described in the suit of 1910, and that he testified that the improvements north of the 93 acres were old at the time he made the field notes. We were mistaken in this statement. Mr. Cox did not make the field notes to the 93 acres, and he testified that the improvements north of the 93 acres were new in 1908, rather than old.

Appellants' attorney also complains of our statement that it was contended by him that the opinion in the former appeal determined that the 1910 suit included all of this survey. This case was very ably argued, on submission, by both parties, and very probably we misconstrued his position. On his request, in this motion for rehearing, we withdraw that part of the original opinion.

Appellants, in their motion for rehearing, assign as error our finding that Hannah Rhone was the tenant of plaintiffs while occupying the lands claimed by plaintiffs in

this suit, and that there was no testimony controverting this conclusion, their proposition being:

"Hannah Rhone was not the tenant of plaintiffs while occupying the land, because the jury were asked that question and so found, and this court is in direct conflict with the verdict of the trial jury, which finding of the jury is not even questioned on this appeal."

Question No. 9 submitted to the jury was as follows:

"Do you believe from the evidence that Hannah Rhone while occupying a portion of section No. 5, I. & G. N. R. R. Co., was asserting in herself an independent claim to 160 acres thereof?"

To this question the jury answered "Yes." This question directs the jury's attention to no particular time. Hannah Rhone testified that she lived in the B. Snell house as the tenant of her father for several years, and moved from there to the 93 acres claimed by her and described by metes and bounds in the 1910 suit. This 93 acres she did claim. The suit was filed against her for the 93 acres after she had moved off of the lands claimed by her father in this suit, and after she had ceased to be his tenant. When the suit was filed in 1910, the appellees in this suit claimed no portion of the 93 acres, and, so far as this record discloses, they never at any time claimed any portion of the 93 acres, nor any portion of I. & G. N. survey south of the point where the Keaghey and F. M. Stewart almost touch. (See map in original opinion.) Hannah Rhone and the appellees in this case thought that this I. & G. N. survey all lay above this point at the time Hannah Rhone moved onto the 93 acres.

We have carefully examined the statement of facts, in view of appellants' motion for rehearing, and are convinced that the record fully sustains us in our conclusion.

Again, appellants assert:

"The suit brought by appellants here against Hannah Rhone and Jim Brown on August 9, 1910, and prosecuted to judgment in 1913, in favor of appellants here for the land in controversy, said parties being tenants of appellees, in possession, broke the continuity of the possession of appellees commenced in 1902, and defeated, in possession, their limitation claim."

If Hannah Rhone had been the tenant of appellees in 1910, the suit against her would have broken the continuity of appellees' possession, but, under the facts of this record, she was not their tenant in 1910, having moved off of the land claimed by them in this suit, and at that time was living on the land included in the field notes to the 93 acres.

The motion for rehearing is overruled.

---

⟐⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes