### J. M. Cullers v. D. Platt et al.

#### No. 6788.

1. **Agreements of Counsel.** — Agreements of counsel in regard to the trial of a cause are not absolute and will not be enforced under all circumstances. It rests in the sound discretion of the court to sustain such agreements or set them aside. Unless the party complaining shows that he has been prejudiced by such action this discretion of the trial court will not be revised.

2. **General Description Yields to Specific.**—Where there is a repugnance between a general and a particular description in a deed the latter will control (see example),

although whenever it is possible the real intent must be gathered from the whole description, including the general as well as the particular.

3.  Same.—Where a grantor conveys specifically by metes and bounds so there can be no controversy about what land is included and really conveyed, a general description as of "all of a certain tract conveyed to him by another," or, as in this case, "all of a survey except a tract belonging to another person," can not control; for there is a specific description about which there can be no mistake, and no necessity for invoking the aid of the general description.

APPEAL from Grayson.  Tried below before Hon. Pres. C. Thurmond. The opinion states the case.

*E. C. McLean*, for appellant.—1.  It was error in the court to set aside the written agreement of counsel on file in this cause, as said agreement was an agreement as to the evidence to be adduced on the trial of this cause, and it was in the power and authority of the attorneys to enter into. It should not have been set aside on the affidavit of one client to the effect that he had not authorized his attorney to enter into such an agreement, especially when there is no evidence that another client who was the real party at interest had not authorized said agreement, particularly when the evidence was that the attorney moving to set said agreement aside had read the agreement before signing it as shown by bill of exceptions.   1 Greenl. on Ev., sec. 186;  Weeks on Attorneys, sec. 223, p. 288.

2.  The court erred in its eighth finding, that the deed from Purinton and wife to A. R. Collins conveyed no part of the land in controversy, said finding being a conclusion of law, and was an erroneous construction and interpretation of said deed.  The evident intention of said parties to said deed, when construed by all the evidence and particularly the other deeds, showed unmistakably the intention to convey all of the land in the Tyson survey not embraced in the Caruthers homestead.

*Brown & Bliss*, for appellees, cited Lovejoy v. Lovett, 124 Mass., 270; White v. Gay, 31 Am. Dec., 224;  Doe v. Porter, 36 Am. Dec., 449; 2 Dev. on Deeds, sec. 1039.

GARRETT, PRESIDING JUDGE, *Section B.*—This was an action of trespass to try title, brought March 24, 1888, by the appellant J. M. Cullers against D. Platt and J. P. Geren for about twenty-two acres of land out of the J. W. Tyson survey in Grayson County, patented to W. C. Caruthers as assignee.  A writ of sequestration was sued out by the plaintiff Cullers and levied on the land, which was replevied by the defendant Platt.

Appellees pleaded a general denial, not guilty, and limitations of three and five years.  The defendant Platt pleaded also in reconven-

tion for damages for wrongful and malicious suing out of the writ of sequestration.

There was an agreement filed in the case November 28, 1888, signed by counsel for both parties, to the effect that the title to the land was from a common source; that neither party would be required to deraign title, and that the question being one of boundary either party might read from all records for the purpose of showing boundary, subject only to such objections as could be urged against the originals. Counsel for defendants filed a motion November 29 to set the agreement aside, and after a full hearing the court on December 5 granted the motion. Plaintiff took a bill of exceptions to this action of the court, setting out therein the evidence at length, and has assigned it as error.

The case was tried before the court without a jury December 8, 1888, and judgment was rendered in favor of the defendants, that the plaintiff take nothing, and that the land (describing it) be restored to the defendants, awarding a writ of restitution. At the request of the plaintiff the judge filed his conclusions of fact and of law.

Agreements of counsel in regard to the trial of a cause are not absolute, although in writing, and will not be enforced under all circumstances. It is not necessary to review the evidence set out in the plaintiff's bill of exceptions, for it rests in the sound discretion of the court to sustain such agreements or set them aside; and unless the party complaining has shown that he has been prejudiced by such action this discretion of the trial court will not be revised. In this case the agreement was set aside on the motion of the defendants on December 5, and the case was not tried until December 8. The bill of exceptions does not show that the plaintiff was placed in any worse attitude by reason of the action of the court complained of, and we conclude that there was no error committed, if error at all, that properly comes before us for consideration. McClure v. Sheeks' Heirs, 68 Texas, 429.

Plaintiff claimed title under a judgment, execution sale, and sheriff's deed and other mesne conveyances from W. C. Caruthers, as follows:

1. Patent to W. C. Caruthers, assignee of J. W. Tyson, for 380 acres of land, dated September 17, 1859, abstract No. 752.

2. Designation of his homestead by W. C. Caruthers out of the J. W. Tyson and John M. Jackson surveys, made May 3, 1868, and duly recorded in the record of deeds. It was defined by metes and bounds. The survey commenced within the Jackson survey, and crossing the west line of the Tyson survey a call ran directly toward the east line of said Tyson survey a sufficient distance to reach said east line, if the Tyson survey embraced no more than its calls for distance indicated; but the survey designating the homestead made no call for the east line of the Tyson survey.

3. Execution docket, supported by evidence of the district clerk that after diligent search he could not find the original execution in

case No. 912, W. H. Smith v. W. C. Caruthers. The docket showed that execution issued in said case March 15, 1868, and return thereon as follows:

"Came to hand the 23d day of March, 1868; executed April 14, 1868, by levying the within execution on the following described tracts of land as the property of W. C. Caruthers to satisfy this execution, viz: 380 acres, abstract No. 752, headright of W. T. Tyson; 960 acres headright of J. W. Jackson, abstract No. 349; 640 acres headright of Antonio Hermandez; 320 acres headright of W. C. Caruthers, No. 75; exclusive of 20 acres out of the Tyson tract. The above land was sold on the 6th day of May, 1868, for $10, which is applied to payment of costs. Returned not satisfied; no more property subject to execution.

　　　[Signed]　　　　　　　　"JACOB GUMM, Sheriff G. C. T.
　　"July 24, 1868."

The judgment upon which this execution was based is nowhere set out or described in the record, but we find from the brief of appellees that appellant introduced in evidence a judgment for the sum of $641.22 rendered by the District Court of Grayson County on September 29, 1860, in cause No. 912, in favor of N. H. Smith and against W. C. Caruthers.

4. Sheriff's deed May 6, 1868, purporting to convey all the interest of Caruthers in the Tyson survey to G. W. Hobson, except 200 acres constituting the Caruthers homestead.

5. Deed dated March 30, 1872, by which G. W. Hobson conveyed to J. Q. A. Carter 180 acres out of 380 acres survey patented to W. C. Caruthers, assignee of W. T. Tyson, December 17, 1859, abstract No. 752, No. of patent 180, volume 28. There is no further description.

6. Deed from J. Q. A. Carter to W. W. Purinton, dated April 23 (year not given), for 180 acres of land situated in Grayson County, Texas, on the waters of Red River; 180 acres of a survey of 380 acres patented to W. C. Caruthers, etc., as above.

7. Deed from M. M. Purinton to Chris. Miller dated October 29, 1880, for land described as of the J. W. Tyson 380 acres survey, being in two tracts, both particularly described by metes and bounds, (1) as lying south of the homestead tract set apart to W. C. Caruthers and cornering with the southeast corner of said tract in the east line of the Tyson survey; and (2) lying north of the Caruthers homestead tract and cornering with the northeast corner of said tract in the east line of the Tyson survey. These two tracts conveyed and described by metes and bounds leave an area between the east line of the homestead and the east line of the Tyson survey of 300 varas in width by a length of the width of the homestead, which is the land in controversy, because while the conveyance calls for the homestead corner in the

Tyson east-line, the east line of the homestead is in fact 300 varas to the west of the Tyson east line; unless this general recitation will control and make the deed operate as a conveyance of that parcel also, viz., "containing all of said survey except 140 acres contained in said homestead."

8.   Chris. Miller reconveyed to Purinton December 9, 1881, with the same description as the two tracts above.

9.   A deed from W. W. Purinton and his wife M. M. Purinton, dated May 3, 1883, to A. R. Collins, with the same description of the two tracts by metes and bounds as in the deed to Miller, with a general description "being all of said Tyson survey except 140 acres belonging to the Montgomery estate."   Caruthers had before that time conveyed his homestead to Alexander Montgomery.

10.   Deed from A. R. Collins to J. M. Cullers, the plaintiff in this suit, dated October 2, 1883, for the tract south of the Caruthers homestead tract by metes and bounds as set out in the deed from Purinton, and a general description of "the above described tract, being all of the Tyson survey south of the Caruthers homestead."

11.   Deed dated May 5, 1885, from A. R. Collins to J. M. Cullers for "the balance of the land conveyed to me by W. W. Purinton and wife, 149 acres having been previously deeded to said J. M. Cullers (and the Caruthers homestead), containing about fifty acres of land more or less."

12.   Deed from J. P. Geren, one of the defendants, to J. M. Cullers, the plaintiff, for a tract between the tract of the defendant Platt, 67¼ acres, conveyed to him by Geren off the east end of the homestead, and a tract conveyed by Geren off the west end of the homestead to B. F. Coleman.   This deed recites generally:   "Conveying all of the W. C. Caruthers homestead west of the land sold to D. Platt and east of the land sold by Geren to Coleman."   It evidently includes no part of the land in controversy, as the land conveyed by it must lie east of Platt's tract.

No title in plaintiff by limitation is shown.

Defendants deraigned title from Caruthers to Montgomery, Montgomery's estate to defendant J. P. Geren, and from Geren to Platt. Geren executed two deeds to Platt, (1) for 67¼ acres lying west of and adjacent to the premises in controversy, and (2) dated March 24, 1885, for the premises in controversy by metes and bounds.

In the third paragraph of the conclusions of fact filed by the judge the court finds:

"3.   That at the time said homestead was laid out it was believed and intended that the east line of the homestead coincided with the east line of the Tyson survey, and this belief was acted upon in subsequent conveyances until 1884, when it was found that on actual measurement the east line of the homestead aforesaid did not by actual measurement

extend to the east line of the Tyson survey; that the southeast corner, southwest corner, and east line of the Tyson survey are fully identified on the ground by artificial objects and marked trees; that there is an excess in the Tyson survey of about 300 varas in its length from east to west."

But the Caruthers field notes do not call for the east line of the Tyson survey, though the call for distance would have reached it had there not been an excess in the survey.

The question upon which this case turns is whether or not the deed from Purinton and wife to Collins conveyed the premises in controversy. That deed conveyed by a particular description by metes and bounds two tracts of land situated on the Tyson survey, the one north of the Caruthers homestead tract and the other south of said tract. By the calls in the deed the east line of the Caruthers homestead and the east line of the Tyson survey are made identical, one call being "thence north 6 west with its (Tyson) east line to the southeast corner of the homestead tract set apart to W. C. Caruthers;" another, "thence west with the south line of the homestead tract 1900 varas to the west line of the Tyson survey." There are corresponding calls in the description of the tract north of the homestead. These metes and bounds can not possibly include the land in controversy. But it is contended by the plaintiff that the general description which follows will control, viz., "being all of the Tyson survey except 140 acres belonging to the Montgomery estate," it having been shown by other evidence that the Caruthers homestead and the land belonging to the Montgomery estate were the same tract. And in this connection it will be proper to observe that although there may have been mistakes and misrecitals in the deeds as to the amount of land on the Tyson survey included in the Caruthers homestead, still the sheriff's deed if valid conveyed all of the land in the Tyson survey except the Caruthers homestead. Will the general description in the deed to Collins calling for all the land in the survey except that embraced in the homestead control the particular description by metes and bounds which omits the land lying between the east line of the Tyson survey and the east line of the homestead tract, the same that is now in controversy?

We are cited to a number of authorities giving illustrations of descriptions contained in deeds which have been upheld, where what might appear to have been a general description controlled a particular description. In the case of Sharp v. Thompson, 100 Illinois, 447 (39 Am. Rep., 61), a false description as to the numbers of lots given in a deed was made to yield to a general description of "being all of block No. 25 in Lower Carlyle," it appearing that the grantor had his residence on that block and that it was the agreement to convey the residence. But the rule is that where there is a repugnance between a general and a particular description in a deed the latter will control

(2 Dev. on Deeds, sec. 1039), although whenever it is possible the real intent must be gathered from the whole description, including the general as well as the particular. Where a grantor conveys specifically by metes and bounds, so there can be no controversy about what land is included and really conveyed, a general description as of all of a certain tract conveyed to him by another person, or, as in this case, all of a survey except a tract belonging to another person, can not control, for there is a specific and particular description about which there can be no mistake and no necessity for invoking the aid of the general description.

In Lovejoy v. Lovett, 124 Massachusetts, 272, it was contended that the concluding clause in the description in the deed, "being the same premises conveyed to me by Ezra Holden by deed dated May 7, 1829," was a general description of the lot conveyed, and as the particular description was uncertain and indefinite as to the northerly line the general description should prevail. It was said by the court that it was not sufficient to overcome the inferences to be drawn from the other parts of the deed, the reference being made to show only chain of title. A general description may be looked to in aid of a particular description that is defective or doubtful, but not to control or override a particular description about which there can be no doubt. There can be no doubt about what land Purinton conveyed to Collins, whatever he may have intended to convey, and it is entirely unnecessary to look to the general reference that it was all the balance of the Tyson survey, which might be true or not true without affecting the parcels really conveyed. It was supposed at the time that the tracts conveyed did comprise the balance of the survey, but it subsequently developed that the Tyson survey overran in quantity, and that the recital was in point of fact not true. Purinton therefore did not convey the land to Collins, and consequently the latter did not convey it to the plaintiff Cullers in his deed for "the balance of the land conveyed to me by W. W. Purinton and wife, 149 acres having been previously conveyed." The plaintiff has not shown title in himself to the land in controversy, and as he must recover on the strength of his own title he must fail in this action.

It is not necessary to a disposition of this case for us to consider the question presented as to the sufficiency of the description in the sheriff's deed. We conclude that the judgment of the court below ought to be affirmed, and so recommend.

*Affirmed.*

Adopted June 2, 1891.