

# Fourth Court of Appeals

## San Antonio, Texas

## OPINION

No. 04-13-00471-CV

**MILLICAN DPC PARTNERS, LP** and Peach Creek Partners, Ltd.,
Appellants

v.

**FRANK BOBBITT MCGREGOR TRUST**, Doris McGregor, Trustee,
Appellee

From the 85th Judicial District Court, Brazos County, Texas
Trial Court No. 12-001688-CV-85
Honorable Jimmy Don Langley, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:        Sandee Bryan Marion, Justice
                Rebeca C. Martinez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  February 26, 2014

REVERSED; RENDERED IN PART AND REMANDED IN PART

      This appeal arises out of a boundary dispute involving ownership of a 34.28-acre parcel of land located in the Thomas Henry Survey, Abstract No. 130, in Brazos County, Texas. Summary judgment was rendered in favor of the Frank Bobbitt McGregor Trust. We reverse the trial court's judgment, render judgment declaring that appellant Millican DPC Partners, LP and its predecessors in interest have record title to the 34.28-acre parcel, and remand to the trial court for further proceedings.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The disputed 34.28-acre parcel was omitted from the specific metes and bounds description of a 202-acre tract that was conveyed to the predecessors of Peach Creek Partners, Ltd., which subsequently conveyed the property to Millican DPC Partners, LP. John E. McFarlane, Jr. is the representative of both Peach Creek and Millican. Appellants will be collectively referred to as "Millican." The 34.28 acres is an irregularly shaped parcel located between the property owned by Millican (the "Millican Property") and the neighboring property owned by the Frank Bobbitt McGregor Trust (the "McGregor Property"). A fence that separates the Millican Property and the McGregor Property has included the 34.28-acre parcel within the McGregor Property for many years.

In 2006, when registered land surveyor Stewart Kling completed a new survey of the property, McFarlane discovered the fence did not track what he believed to be the correct Millican Property line; specifically, he learned that the 34.28-acre parcel was fenced in with the McGregor Property. McFarlane met with Bob McGregor, representative of the McGregor Trust, to discuss the fence and a proposed boundary line agreement; the agreement was never signed. After several years of correspondence and attempts to resolve the boundary dispute, in 2010 McGregor filed an "Affidavit of Adverse Possession and Limitations Title" with respect to the 34.28-acre parcel.

In 2012, McFarlane, acting through Millican and Peach Creek, sued the McGregor Trust, seeking a declaratory judgment that Millican had record title to the 34.28-acre parcel, asserting a claim to quiet title, a slander of title claim, and a claim for attorney's fees. The McGregor Trust denied that Millican and Peach Creek ever had record title, asserting that the 34.28-acre parcel was never conveyed to their predecessors. The McGregor Trust alternatively asserted that, if the court determined that Millican does have record title to the disputed parcel, its claims are barred by limitations based on McGregor's adverse possession of the 34.28-acre parcel for more than 100

years; it also pled boundary by acquiescence and estoppel. *See* TEX. R. CIV. P. 94; *see also* TEX. CIV. PRAC. & REM. CODE ANN. §§ 16.026-.027 (West 2002). In addition, the McGregor Trust counterclaimed for a declaratory judgment that Millican was not the record owner of the parcel, and sought recovery of its attorney's fees.

Both sides filed traditional summary judgment motions. The sole ground of Millican's motion was its claim of record title to the 34.28-acre parcel based on its construction of the Prescott–Barrett Deed and the Barrett–McFarlane Deed. The sole ground of the McGregor Trust's summary judgment motion was that all of Millican's causes of action were premised on its record ownership of the disputed parcel, and the proper construction of the deeds shows the disputed parcel was never conveyed to Millican's predecessors. The trial court denied Millican's motion and granted summary judgment in favor of the McGregor Trust, effectively finding that Millican did not have record title to the disputed parcel. The final summary judgment does not specify any particular findings or conclusions by the trial court.

The relevant deeds in the chain of title to the disputed 34.28-acre parcel are described below.

Nunn–Prescott Deed

A deed recorded in 1945 described by metes and bounds *a 202-acre tract in the Thomas Henry Survey, Abstract No. 130, Brazos County*, which included the 34.28-acre tract, as the property conveyed by Roy W. Nunn to P.P. Prescott (the "Nunn–Prescott Deed"). The surveyor Kling states in his affidavit, attached to the McGregor Trust's summary judgment motion, that the 34.28 acres "is part of the called 202 acre tract" conveyed in the Nunn–Prescott Deed. The parties agree that the Nunn-Prescott Deed conveyed clear record title to the disputed 34.28-acre parcel to Prescott, a predecessor in the chain of title to Millican.

Prescott–Barrett Deed

The purported defect in the chain of title to Millican arises in 1973 with the deed by P.P. Prescott to E.T. Barrett and Joel D. Guedry (the "Prescott–Barrett Deed"), which undisputedly does not include the 34.28-acre parcel within the metes and bounds description of the property conveyed. The Prescott–Barrett Deed conveyed a total of 4,943.75 acres in Brazos County, Texas, consisting of multiple parcels located within various surveys which were organized into three separate tracts of land: First Tract, Second Tract, and Third Tract. This case concerns only the First Tract. The deed's granting clause stated that the grantors,

> do GRANT, SELL and CONVEY, subject to the reservations, exceptions, easements and oil, gas and mineral leases hereinafter mentioned, . . . all that certain property lying and situated in Brazos County, Texas, and described as follows, to-wit: All that certain 4,943.75 acres of land situated in Brazos County, Texas and being situated in the [list of several surveys]. . . Thomas Henry Survey, Abstract No. 130, . . . and consisting of Three (3) tracts of land described as follows . . . .

The total acreage of each tract was:

First Tract     1,167.203 acres
Second Tract   1,213.537 acres
Third Tract     2,563.01 acres

The deed then described each of the three Tracts using both a general description of the tract and a metes and bounds description for each parcel within the Tract. With regard to the First Tract, the general description stated,

> All that certain tract or parcel of land lying and being situated in Brazos County, Texas, and composed of the following tracts, [list of several parcels] . . . a 202 acre tract out of Thomas Henry Survey, Abs. No. 130, and described in [the Nunn-Prescott Deed] . . . and more fully described as follows . . . .

A metes and bounds description of the parcels and tracts comprising the First Tract followed. Immediately after the metes and bounds description, the deed states, "LEAVING 1,167.203 acres of land in the FIRST TRACT and conveyed hereby." As noted, supra, it is undisputed that the 34.28-acre parcel at issue was omitted from the metes and bounds description of the First Tract.

The 34.28-acre parcel was not included in the exceptions and reservations clause pertaining to the First Tract. The habendum clause of the deed concludes, "TO HAVE AND TO HOLD the above described premises . . . ."

Kling states in his affidavit that, according to his survey, "none of the three [Tracts'] metes and bounds descriptions in the Prescott Deed contain the Subject Property," referring to the 34.28-acre parcel. He further states that "the tract of land described by metes and bounds in the Prescott Deed as the 'First Tract' is contiguous to, but does not include the Subject Property." Kling also states he has plotted the calls described in the deed for the First Tract, and those calls do in fact describe a complete tract of land containing 1,167 acres, which does not include the 34.28-acre Subject Property.

Barrett–McFarlane Deed

In 1974, E.T. Barrett and Joel Guedry conveyed to J.W. McFarlane the same land consisting of 4,943.75 total acres as conveyed in the Prescott–Barrett Deed, along with two additional tracts of land (the "Barrett–McFarlane Deed"). The Barrett–McFarlane Deed conveyed the following property:

A tract of land being 146.77455 acres.
A tract of land being 274.0505 acres.
A tract of land being 4,943.75 acres.

The Barrett–McFarlane Deed has no metes and bounds description of the three tracts. The granting clause simply states that the grantors convey the "Subject Property," which is defined in the deed's preamble as the property owned by the Barrett–Guedry general partnership and "more particularly described" in Exhibit A attached to the deed. With respect to the tract at issue, Exhibit A provides only the following general description of the property conveyed: "4,943.75 acres of land situated in Brazos County, Texas, more particularly described by metes and bounds as three tracts of land in [the Prescott-Barrett Deed]."

According to Kling's affidavit, "the 4,943.75 acre tract of land conveyed by the Barrett–Guedry Deed is the same land described by metes and bounds in the Prescott Deed as "First Tract, Second Tract and Third Tract." Kling further states that, "[t]he 4,943.75 acre tract conveyed by the Barrett–Guedry Deed did not include the Subject Property."

The land was subsequently conveyed by McFarlane to various grantees, eventually being conveyed to appellant Peach Creek Partners, Ltd. in 2001. As noted, Peach Creek then conveyed the property to Millican DPC Partners, L.P. in 2010.

## ANALYSIS

The first three issues raised by Millican on appeal are essentially the same issue—whether either side was entitled to summary judgment as a matter of law based on construction of the deeds. Millican asserts that its summary judgment evidence consisting primarily of the three relevant deeds in the chain of title and the Kling survey, conclusively established that it has record title to the disputed parcel. The McGregor Trust asserts that it established as a matter of law that the deeds do not grant Millican record title to the parcel and the trial court properly granted summary judgment on that issue in its favor. The summary judgment evidence submitted by the McGregor Trust included a deed chain summary, the Prescott–Barrett Deed and Barrett–McFarlane Deed, and an affidavit by the surveyor Kling. We now turn to the deeds themselves to determine whether either side established record title, or the absence of title, to the disputed parcel as a matter of law.

## SUMMARY JUDGMENT — CONSTRUCTION OF THE DEEDS

### Standard of Review

We review a trial court's grant or denial of summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). To prevail on a traditional motion for summary judgment, the moving party must prove that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly

set out in the motion." TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). "When reviewing a summary judgment, we take as true all evidence favorable to the non-movant, and we indulge every reasonable inference and resolve any doubts in the non-movant's favor." *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 157 (Tex. 2004). When there are competing summary judgment motions on the same issues, and the trial court grants one and denies the other, we consider the summary judgment evidence presented by both sides and determine all questions presented, and, if we determine the trial court erred, we render the judgment the trial court should have rendered. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When the trial court does not specify the grounds on which the summary judgment was granted, we must affirm if any of the summary judgment grounds are meritorious. *Knott*, 128 S.W.3d at 216.

*Analysis*

A deed is subject to the same general rules of interpretation and construction as a contract. *Luckel v. White*, 819 S.W.2d 459, 461-62 (Tex. 1991). The construction of an unambiguous deed is a question of law, which we review de novo. *Id.* at 461; *MCI Telecomms. Corp. v. Tex. Utils. Elec. Co.*, 995 S.W.2d 647, 650-51 (Tex. 1999). An unambiguous deed is one that can be given a definite or certain legal meaning. *Stewart Title Guar. Co. v. Aiello*, 941 S.W.2d 68, 74 (Tex. 1997); *see Columbia Gas Transmission Corp. v. New Ulm Gas, Ltd.*, 940 S.W.2d 587, 589 (Tex. 1996) ("[A]mbiguity does not arise simply because the parties advance conflicting interpretations of the contract."). In conducting a de novo review, we exercise our own judgment and give no deference to the trial court's decision. *Quick v. City of Austin*, 7 S.W.3d 109, 116 (Tex. 1999). Our primary duty when construing an unambiguous deed is to ascertain the parties' true intent as expressed within the deed's four corners. *Luckel*, 819 S.W.2d at 461-63; *Forbau v. Aetna Life Ins. Co.*, 876 S.W.2d 132, 133 (Tex. 1994). In applying the "four corners" rule, we do not look at isolated terms

but consider the instrument as a whole, attempting to harmonize and give effect to all its provisions. *Luckel*, 819 S.W.2d at 462; *Plainsman Trading Co. v. Crews*, 898 S.W.2d 786, 789 (Tex. 1995). Even if different parts of a deed appear contradictory or inconsistent, we must strive to harmonize all the parts, as the parties to an instrument intend every clause to have some effect and in some measure to evidence their agreement. *Luckel*, 819 S.W.2d at 462. "We give the language its plain, grammatical meaning unless doing so would clearly defeat the parties' intentions." *Tana Oil & Gas Corp. v. Cernosek*, 188 S.W.3d 354, 359 (Tex. App.—Austin 2006, pet. denied).

Neither party here argues that either the Prescott-Barrett Deed or the Barrettt-McFarlane Deed is ambiguous,[1] and we do not consider the deeds ambiguous. Therefore, in construing the unambiguous deeds, we look to the language of the deed as a whole and attempt to harmonize and give effect to all its parts, within its "four corners," in order to ascertain the parties' true intent. *Luckel*, 819 S.W.2d at 461-62; *Forbau*, 876 S.W.2d at 133. We begin by examining the Prescott-Barrett Deed.

*Prescott-Barrett Deed*. As noted, supra, the problem arises because the metes and bounds description of the First Tract in the Prescott-Barrett Deed does not include the 34.28-acre parcel. The McGregor Trust's position is that, in determining what land was conveyed by the deed, the particular metes and bounds description controls over the deed's more general description of the property conveyed. *See Cullers v. Platt*, 81 Tex. 258, 16 S.W. 1003, 1005 (1891) (stating the rule that "where there is a repugnance between a general and a particular description in a deed, the latter will control"); *Sun Oil Co. v. Burns*, 125 Tex. 549, 84 S.W.2d 442, 445, 447 (1935) (recognizing the *Cullers* rule); *see also S. Pine Lumber Co. v. Hart*, 340 S.W.2d 775, 780 (Tex. 1960). However, the Supreme Court in *Sun Oil* explained that the *Cullers* rule "is but a rule of

---

[1] At oral argument, both sides clarified that neither is asserting that the Prescott-Barrett Deed or Barrett-McFarlane Deed is ambiguous.

construction, and like all other such rules, it is not to be used when the grantor's true intention clearly and unmistakably appears . . . from language of the entire instrument." *Sun Oil*, 84 S.W.2d at 445-46. Indeed, the court in *Cullers* also recognized that, despite the rule that the particular controls over the general, "whenever it is possible, the real intent must be gathered from the whole description, including the general as well as the particular." *Cullers*, 16 S.W. at 1005.

Here, even though the particular metes and bounds description of the First Tract in the Prescott-Barrett Deed does not include the 34.28-acre parcel, other descriptive language in the deed unmistakably does include the 34.28-acre parcel by expressing the grantor's intent to convey the 202-acre tract in the Thomas Henry Survey conveyed by the Nunn-Prescott Deed. As noted, supra, the description of the land conveyed within the First Tract expressly includes "a 202 acre tract out of Thomas Henry Survey, Abs. No. 130, and described in a deed from Roy W. Nunn, to P.P. Prescott, of record in Vol. 137 Page 285 of the Deed Records of Brazos County, Texas . . . ." It is undisputed that the 34.28-acre parcel was part of the 202-acre tract conveyed by the Nunn-Prescott Deed in 1945. Because the Nunn-Prescott Deed is expressly referred to in the Prescott-Barrett Deed, it is incorporated into the Prescott-Barrett Deed, and the effect is to convey all the property included within the Nunn-Prescott Deed, i.e., the full 202-acre tract. *See XTO Energy Inc. v. Nikolai*, 357 S.W.3d 47, 58 (Tex. App.—Fort Worth 2011, pet. denied) ("[W]here a deed refers to another deed . . . it has the effect to incorporate such deed . . . into the description, the same as if copied into the deed itself, and what is therein described will pass.") (quoting *Brown v. Chambers*, 63 Tex. 131, 135 (1885)). "[I]t is a well settled rule of law that in the construction of written instruments, all instruments in a chain of title, when referred to in a deed . . . will be read into it." *Dixon v. Amoco Prod. Co.*, 150 S.W.3d 191, 194 (Tex. App.—Tyler 2004, pet. denied) (citing *Harris v. Windsor*, 279 S.W.2d 648, 649 (Tex. Civ. App.—Texarkana 1955), *aff'd*, 156

Tex. 324, 294 S.W.2d 798 (1956)); *see also CenterPoint Energy Houston Elec., L.L.P. v. Old TJC Co.*, 177 S.W.3d 425, 430 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

Reading the Nunn-Prescott Deed into the deed at issue, it is evident that Prescott intended to convey to Barrett and Guedry the 34.28-acre parcel that was part of the 202-acre tract in the Thomas Henry Survey conveyed under the Nunn-Prescott Deed in 1945. If we construed the phrase "and more fully described as follows" along with the metes and bounds description of the various parcels comprising the First Tract as controlling, it would nullify the grantor's clear intention, expressed in another part of the instrument, to convey the full 202-acre tract covered by the prior Nunn-Prescott Deed. A deed must not only be construed as a whole, harmonizing all its parts if possible, it must also be construed to confer on the grantee the greatest estate that the terms of the deed will permit. *Lott v. Lott*, 370 S.W.2d 463, 465 (Tex. 1963); *see Terrill v. Tuckness*, 985 S.W.2d 97, 106 (Tex. App.—San Antonio 1998, no pet.) (the law presumes that a grantor conveys all he has to convey and any scrivener's errors in a deed are construed against the drafter, i.e., the grantor). Construing the Prescott-Barrett Deed as a whole and harmonizing all its parts— including the explicit reference to the 202-acre tract conveyed by the Nunn-Prescott Deed, the metes and bounds description, and the reservations and exceptions section (which does not include the 34.28-acres)—we conclude that the grantor's intent is clear and unmistakable from the language of the entire instrument; it was to convey the entire 202-acre tract in the Thomas Henry Survey, Abstract No. 30, located in Brazos County that was conveyed to him by the Nunn-Prescott Deed.

*Barrett-McFarlane Deed*. With respect to the next deed in the chain of title, the Barrett-McFarlane Deed, the same principle applies because that deed expressly refers to and incorporates the Prescott-Barrett Deed. The Barrett-McFarlane Deed contains no metes and bounds description

at all, but simply states that the property conveyed is described on Exhibit A, which in relevant part describes the conveyance to include

> 4,943.75 acres of land situated in Brazos County, Texas, more particularly described by metes and bounds as three tracts of land in that certain General Warranty Deed with Vendor's Lien executed by P.P. Prescott and wife, Ruth Prescott, et al., as Grantors, to Joel D. Guedry and E.T. Barrett, dated April 26, 1973, recorded in Volume 315, Page 243 in the Deed Records of Brazos County, Texas.

The McGregor Trust argues that the 34.28-acre parcel was not conveyed by the Barrett-McFarlane Deed because it contains no metes and bounds description of the 34.28 acres, the metes and bounds description in the Prescott-Barrett Deed did not include the 34.28 acres, and the deed's reference to the Prescott-Barrett Deed was not intended to describe the property being conveyed but was merely an aid for tracing the chain of title. We disagree. The deed specifically incorporates Exhibit A as part of the deed and plainly states the grantors' intent to convey the "Subject Property" described on Exhibit A. The exhibit, in turn, explicitly references the three tracts conveyed by the Prescott-Barrett Deed. Because we have concluded that the Prescott-Barrett Deed conveyed the 34.28-acre parcel as part of the 202-acre tract out of the Thomas Henry Survey, Abstract No. 130, conveyed by the Nunn-Prescott Deed, the incorporation of the Prescott-Barrett Deed into the Barrett-McFarlane Deed has the effect of conveying the full 202-acre tract as well. *See Dixon*, 150 S.W.3d at 194; *see also Anderson v. Shaw*, No. 03-08-00352-CV, 2010 WL 2428132, at *8 (Tex. App.—Austin June 18, 2010, no pet.) (mem. op.) (if first deed included the disputed parcels, then they were also included in the subsequent conveyance which referred to the prior deed).

### *Conclusion*

For these reasons, we hold the trial court erred by granting summary judgment for the McGregor Trust and by denying Millican's motion for summary judgment on its request for a

declaratory judgment as to its record title to the 34.28-acre parcel. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.004(a) (West 2008) (under the Declaratory Judgments Act, "[a] person interested under a deed . . . may have determined any question of construction . . . arising under the instrument . . . and obtain a declaration of rights, status, or other legal relations thereunder"). The issues of Millican's right to recover attorney's fees, and the McGregor Trust's adverse possession claim are remanded to the trial court for further proceedings.

## CONCLUSION

Based on the foregoing reasons, we reverse the trial court's summary judgment, render a declaratory judgment that Millican has record title to the disputed 34.28-acre parcel, and remand for further proceedings consistent with our opinion.

Rebeca C. Martinez, Justice