# IN THE SUPREME COURT OF TEXAS

════════════
No. 14-0500
════════════

DORIS VIRGINIA MCGREGOR STRIBLING, MARTHA LEE MCGREGOR, AND FRANK
BOBBITT MCGREGOR, JR., PETITIONERS,

v.

MILLICAN DPC PARTNERS, LP, AND PEACH CREEK PARTNERS, LTD.,
RESPONDENTS

════════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FOURTH DISTRICT OF TEXAS
════════════════════════════════════════════════════

**PER CURIAM**

When the metes-and-bounds description in a deed conflicts with another, more general, description in the deed, which controls? In this boundary-dispute case, the court of appeals sided with the general description. But, because the metes-and-bounds description better indicates the parties' intent, and because the court of appeals' approach creates uncertainty in land title whenever a deed's general and specific descriptions differ, we reverse.

Millican[1] and the McGregors[2] are adjacent landowners. They dispute ownership of a 34.28-acre tract (the "Tract") in a heavily wooded area in Brazos County. Millican asserts record title to the Tract, but a long-standing fence places the Tract on the McGregors' side. The McGregors deny that Millican has record title, and, in the alternative, the McGregors assert adverse possession. Millican filed a suit to quiet title and declaratory-judgment action, and the trial court, finding that Millican did not have record title, granted summary judgment for the McGregors without reaching adverse possession. It ordered that Millican take nothing but allowed the McGregors to recover attorneys' fees. *See* TEX. CIV. PRAC. & REM. CODE § 37.004(c) (authorizing declaratory-judgment actions in boundary-dispute cases). The court of appeals, however, reversed, holding that Millican had record title to the 34.28-acre Tract, and remanded for the trial court to consider the McGregors' adverse possession claim. 433 S.W.3d 67, 68 (Tex. App.—San Antonio 2014). This appeal concerns only whether Millican has record title to the Tract.

This case turns on two deeds in Millican's chain of title: a 1945 Deed granting land from Roy Nunn to P.P. Prescott and a 1973 Deed conveying land from the Prescott family to E.T. Barrett and Joel Guedry. The 1945 Deed is straightforward, conveying 202 acres in the Thomas Henry Survey, Abstract No. 130, in Brazos County. These 202 acres were described by metes and bounds, and they undisputedly include the contested 34.28-acre Tract.

---

[1] We refer to the respondents—Millican DPC Partners, LP, and Peach Creek Partners, Ltd.—collectively as "Millican."

[2] We refer to the petitioners—Doris Virginia McGregor Stribling, Martha Lee McGregor, and Frank Bobbitt McGregor, Jr.—collectively as the "McGregors." They are successors in interest to the original defendant below, the Frank Bobbitt McGregor Trust, Doris McGregor, trustee.

2

Whether the 1973 Deed subsequently conveyed the same 34.28-acre Tract included in the 1945 Deed is disputed. If it did not, then Millican does not have record title to the Tract. The 1973 Deed conveyed 4,943.75 acres, composed of three separate tracts. It described the first of these three tracts (the "First Tract") in two different ways. First, it listed nine smaller parcels, and their respective acreages, that ostensibly composed the larger "First Tract." Added together, the individual acreages of the nine parcels total 1,145.95 acres (though the Deed did not itself provide this sum). One of these nine parcels was "a 202 acre tract out of Thomas Henry Survey, Abs. No. 130, and described in a deed from Roy W. Nunn, to P.P. Prescott, of record in Vol. 137 Page 285 of the Deed Records of Brazos County, Texas." This was the same 202-acre tract from the 1945 Deed that contained the 34.28-acre Tract. In other words, in the 1973 Deed's general description, the Prescott family claimed to convey their entire 202-acre tract obtained through the 1945 Deed, including the 34.28-acre Tract.

In contrast, the 1973 Deed's metes-and-bounds description—purporting to "more fully describe[]" the First Tract—does not contain the 34.28-acre Tract. Rather, the 34.28-acre Tract is contiguous to the First Tract as described by the metes and bounds. Subsequent to the metes-and-bounds description, the 1973 Deed stated that the First Tract totals 1,167.203 acres.

Thus, the 1973 Deed contains two inconsistencies. First, the general description purports to convey the 34.28-acre Tract, whereas the metes and bounds do not. Second, the acreages of the parcels supposedly composing the First Tract total only 1,145.95 acres, but the 1973 Deed itself states that the total acreage is 1,167.203 acres. According to undisputed summary judgment

3

evidence, the metes and bounds in the 1973 Deed accurately describe an area of about 1,167 acres. The source of the excess acreage is unclear, but no evidence exists that the Prescotts did not own it.

Neither party contends that the 1973 Deed is ambiguous, and we construe an unambiguous deed as a matter of law. *Luckel v. White*, 819 S.W.2d 459, 461 (Tex. 1991). We discern the parties' intent from the deed's language in its entirety "without reference to matters of mere form, relative position of descriptions, technicalities, or arbitrary rules." *Id.* at 462 (quoting *Sun Oil Co. v. Burns*, 84 S.W.2d 442, 444 (Tex. 1935)).

We have long held that "[a]ll parts of a written instrument must be harmonized and given effect if possible, but in case of a conflict the more specific provisions will control over general expressions which are worded as being applicable to the same land." *U.S. Enters., Inc. v. Dauley*, 535 S.W.2d 623, 630–31 (Tex. 1976).[3] This rule of construction is not an arbitrary rule, but a means of discerning the parties' true intent. *See Gulf Prod. Co. v. Spear*, 84 S.W.2d 452, 455 (Tex. 1935). When the specific description is clear, there is "no necessity for invoking the aid of the general description." *Cullers*, 16 S.W. at 1005.

For example, in *Southern Pine Lumber Co. v. Hart*, a deed's general description purported to convey the same land the grantor had obtained by a previous deed, but the metes and bounds described a smaller area. 340 S.W.2d at 779. We held the deed referred only to the smaller area. *Id.* at 780. Similarly, in *Cullers v. Platt*, a deed gave metes and bounds for the property being conveyed, stating that it was "all of [a certain] survey except 140 acres belonging to the Montgomery

---

[3] *See also S. Pine Lumber Co. v. Hart*, 340 S.W.2d 775, 779–80 (Tex. 1960); *Sun Oil Co.*, 84 S.W.2d at 446; *Cullers v. Platt*, 16 S.W. 1003, 1005 (Tex. 1891).

4

estate." 16 S.W. at 1004. In reality, the survey contained more land than was in the metes-and-bounds description or belonged to the Montgomery estate. *Id.* at 1005. Nonetheless, the specific description controlled and the deed only conveyed the land within the metes and bounds, not the additional area allowed by the general description. *Id.*

The present case closely resembles *Cullers* and *Southern Pine Lumber Co.* The metes-and-bounds description in the 1973 Deed does not include the 34.28-acre Tract, but the general description, referring to a previous deed, does. As in *Cullers* and *Southern Pine Lumber Co.*, the "deed . . . contains an unambiguous description" and "[n]o reference to any other deed is necessary to locate the tract." *S. Pine Lumber Co.*, 340 S.W.2d at 780. Millican urges that the general description in the 1973 Deed is more specific than those in *Cullers* and *Southern Pine Lumber Co.* because it not only referred to a prior deed, but also identified the property being conveyed as "a 202-acre tract." The call for acreage, however, "is the least reliable of all calls in a deed." *Tex. Pac. Coal & Oil Co. v. Masterson*, 334 S.W.2d 436, 439 (Tex. 1960). Furthermore, the metes-and-bounds description is more specific and therefore better indicates the parties' intent. Millican's position would inject uncertainty into long-settled land records whenever the metes-and-bounds description conflicts with other language in the deed. The specific description controls.[4]

Millican asserts that reservations should be expressly made, not by implication. *See Derwen Res., LLC v. Carrizo Oil & Gas, Inc.*, No. 09-07-00597-CV, 2008 WL 6141597, at *6 (Tex.

---

[4] This rule favoring the metes and bounds does not undermine, when applicable, the strip and gore doctrine, which under certain circumstances allows for a presumption that a relatively small and narrow strip of land omitted from the deed is still conveyed. *See Angelo v. Biscamp*, 441 S.W.2d 524, 526–27 (Tex. 1969). Millican does not assert the doctrine, and we need not consider it.

App.—Beaumont May 21, 2009, pet. denied). Here, however, the question is not whether the 34.28-acre Tract was reserved from the conveyance, but whether it was included in the conveyance to begin with. Specific reservations are necessary in some situations, but not for the metes and bounds to control over a directly contrary general description. Indeed, had the 1973 Deed expressly stated that the 34.28-acre Tract was excluded, then the Deed's meaning would be clear without need to resort to a rule of construction.

This approach does not render the general description meaningless; the general description—referring to previous deeds—remains a helpful tool for tracing title. *Schaffer v. Heidenheimer*, 43 Tex. Civ. App. 366, 370, 96 S.W. 61, 62 (San Antonio 1906, writ ref'd); *see S. Pine Lumber Co.*, 340 S.W.2d at 780; *Coffee v. Manly*, 166 S.W.2d 377, 379–80 (Tex. Civ. App.—Eastland 1942, writ ref'd).

> It continues to be true, of course, that the metes-and-bounds description
>
> is not to be given controlling effect, when it is apparent from the language of the deed, read in the light of the surrounding circumstances, that the parties intended that the general description should control, or when the general description more surely indicates the true intention, or when the grantor's intention clearly and unmistakably appears from the language of the entire instrument.

*Ford v. McRae*, 96 S.W.2d 80, 83 (Tex. 1936) (citations omitted); *see also Sun Oil Co.*, 84 S.W.2d at 445–46. Nevertheless, we have never held that there was a clear intent for the general description to control when directly contrary metes and bounds clearly defined an area owned by the grantor. Rather, the general description may be used to help interpret the specific description when the

specific description is "defective or doubtful," *Cullers*, 16 S.W. at 1005,[5] when the deed language evidences an intent to convey both the land covered by the metes and bounds and additional land described by the general description, *Sun Oil Co.*, 84 S.W.2d at 443, or when the general and specific descriptions may otherwise be harmonized without sacrificing one for the other, *see Am. Sav. & Loan Ass'n of Hous. v. Musick*, 531 S.W.2d 581, 585 (Tex. 1975).

Here, the metes-and-bounds description is not "defective or doubtful." Mere inconsistencies between the metes and bounds and the general description do not themselves render the metes and bounds doubtful. Otherwise, an unambiguous metes-and-bounds description would never, on its own, control despite an inconsistent general description. In this case, the metes and bounds in the 1973 Deed cannot be harmonized with the general description. The two conflict with each other, and the general description cannot "override a particular description about which there can be no doubt." *Cullers*, 16 S.W. at 1005.

The court of appeals below reasoned that the 1973 Deed should be construed to convey the greatest estate its terms permit. 433 S.W.3d at 73 (citing *Lott v. Lott*, 370 S.W.2d 463, 465 (Tex. 1963)). The preference for the greater estate, however, cannot overcome a clear and unambiguous specific description. Indeed, in both *Cullers* and *Southern Pine Lumber Co.*, we relied on the metes

---

[5] For example, in *Gulf Production Co. v. Spear*, the metes and bounds were "incomplete and incorrect" when they provided an incorrect length and did not describe the course of one boundary of a tract. 84 S.W.2d at 455. In *Strong v. Garrett*, the metes and bounds described land next-door to the grantor's property, whereas the general description made clear that the tract to be conveyed belonged to the grantor. 224 S.W.2d 471, 475 (Tex. 1949). And in *Ford v. McRae*, the general description—along with one call in the metes-and-bounds description—was inconsistent with the majority of the metes and bounds. 96 S.W.2d at 83. In these cases, we looked to the general description for the parties' intent because the specific description was defective or incomplete.

7

and bounds to hold that the deeds conveyed less acreage than the general descriptions suggested. *See S. Pine Lumber Co.*, 340 S.W.2d at 779–80; *Cullers*, 16 S.W. at 1004–05.

The court of appeals also held that the 1973 Deed incorporated the 1945 Deed by reference, indicating an intent to convey the entire 202-acre parcel from the 1945 Deed, including the 34.28-acre Tract. 433 S.W.3d at 73. The cases cited for this point by the court of appeals, however, do not focus on conflicts between general and specific descriptions. Instead, they discuss the statute of frauds, estoppel by deed, or general and specific provisions that can be reconciled.[6] Although "a reference to a former deed is a valid means of describing land," *Winters v. Slover*, 251 S.W.2d 726, 728 (Tex. 1952), a reference to a prior deed does not prevail over a clearly contrary metes-and-bounds description, *S. Pine Lumber Co.*, 340 S.W.2d at 362–63.

The court of appeals' decision creates other difficulties. The 1973 Deed states that the First Tract was composed of 1,167.203 acres. The general description, however, refers to nine parcels, and their acreages (listed individually in the 1973 Deed) total only 1,145.95 acres. Thus, though the metes-and-bounds description *excludes* the 34.28-acre Tract, it conveys a *larger* area than the general description. If the court of appeals were right that the 34.28-acre Tract was conveyed despite the metes and bounds, does this also mean that only the smaller area described by the general description was conveyed, but not the larger area described by the metes and bounds? But surely such a

---

[6] *See XTO Energy Inc. v. Nikolai*, 357 S.W.3d 47, 58 (Tex. App.—Fort Worth 2011, pet. denied) (discussing estoppel by deed); *CenterPoint Energy Hous. Elec., L.L.P. v. Old TJC Co.*, 177 S.W.3d 425, 430, 432 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (considering prior deed that was consistent with current deed); *Dixon v. Amoco Prod. Co.*, 150 S.W.3d 191, 194 (Tex. App.—Tyler 2004, pet. denied) (discussing statute of frauds); *Harris v. Windsor*, 279 S.W.2d 648, 648–50 (Tex. Civ. App.—Texarkana 1955) (considering prior deed that was consistent with current deed), *aff'd*, 294 S.W.2d 798 (1956); *see also Brown v. Chambers*, 63 Tex. 131, 135–36 (1885) (relying on reference to prior deed to describe property).

conclusion would depart from the parties' true intentions as evidenced by the metes and bounds. For consistency's sake, the metes and bounds must control lest tracing title be reduced to guesswork about the parties' true intent years after the conveyance occurs. The metes-and-bounds description is better evidence of intent.

For all these reasons, the court of appeals erred by reversing the trial court's judgment. Accordingly, we grant the McGregors' petition for review and, without hearing oral argument, render judgment in their favor. We reverse the judgment of the court of appeals and affirm that of the trial court. TEX. R. APP. P. 59.1.

OPINION DELIVERED: March 20, 2015