

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00054-CV

_____

LELAND HOUSE, Appellant

V.

DAVID WEBB, INDIVIDUALLY AND AS INDEPENDENT EXECUTOR
OF THE ESTATE OF DIANNE HOUSE, DECEASED,
AND DUNCAN WEBB, Appellees

On Appeal from the County Court at Law
Nacogdoches County, Texas
Trial Court No. CV1713898

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

During her marriage to Leland House and before predeceasing him, Dianne House received a conveyance of over 874 acres from Elizabeth Spradley Bauman, her aunt. The question before us now, after Dianne's death, is whether the conveyance to her was a gift or a sale. If it was a sale, the land became community property, and Leland has an interest as Dianne's surviving husband. If a gift, as found by a Nacogdoches County[1] jury, the property became Dianne's separate property, and Leland has no claim.

After Dianne's death, Leland pursued his claim that the property was community property by suing Dianne's son, David Webb, individually and as independent executor of the estate of Dianne House, deceased, and Duncan Webb (collectively the Webbs) to quiet title to the property. The Webbs asserted a counterclaim to quiet title and argued that the deed, made in consideration of Bauman's "love and affection" for Dianne, was a gift. After a Nacogdoches County jury found that, by clear and convincing evidence, the property had been a gift to Dianne, the trial court quieted title in David Webb, as trustee of the Dianne House Testamentary Trust.

On appeal, Leland argues that the trial court erred in failing to construe the unambiguous deed as a sale and, as a result, erred in allowing parole evidence in support of the Webbs' position that the conveyance was a gift.[2] Alternatively, Leland argues that the deed was ambiguous and

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We follow the precedent of the Twelfth Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

[2]The Webbs introduced testimony from Bauman's attorney that the deed was executed because Bauman's estate was large and they "were trying to figure out a way that would allow gifts or whatever was necessary to reduce her estate." The attorney also testified that, while there were discussions that the conveyance was a gift to Dianne, there were no discussions about a sale or about including Leland on the deed.

2

that the jury's verdict was not supported by sufficient evidence. Because we find the deed to be an unambiguous gift, we affirm.

"In general, characterization of property is determined by the time and circumstances of its acquisition, often referred to as the 'inception of title' doctrine." *Jennings v. Piazza*, No. 12-18-00253-CV, 2019 WL 2710276, at *3 (Tex. App.—Tyler June 28, 2019, no pet.) (mem. op.) (quoting *Rivera v. Hernandez*, 441 S.W.3d 413, 420 (Tex. App.—El Paso 2014, pet. denied)). It is presumed that property possessed by spouses during marriage is community property, but this presumption can be overcome by clear and convincing evidence that it is the separate property of a spouse. TEX. FAM. CODE ANN. §§ 3.002–3.003. Property a spouse acquires "during marriage by gift, devise, or descent" is separate property. TEX. FAM. CODE ANN. § 3.001(2).

Here, it is undisputed that Bauman conveyed a 757-acre tract of land known as the "Big Loco Farm" and a 117.36-acre tract known as "Little Farm" (collectively the Property) to Dianne while she was married to Leland. Accordingly, the Property was presumed to be community property unless clear and convincing evidence demonstrated that it was a gift. *See* TEX. FAM. CODE ANN. § 3.001; *Jennings*, 2019 WL 2710276, at *5. "A gift is a voluntary transfer of property to another made gratuitously and without consideration." *Jennings*, 2019 WL 2710276, at *5 (citing *In re Marriage of Moncey*, 404 S.W.3d 701, 710 (Tex. App.—Texarkana 2013, no pet.)). To determine whether the Property was conveyed as a gift or as the result of a sale, we first examine the deed.

Both parties argue that the deed is unambiguous, but each also contends that the terms of the deed favor his own position. "Whether a written instrument is ambiguous is a question of law

3

for the court." *Richardson v. Mills*, 514 S.W.3d 406, 413 (Tex. App.—Tyler 2017, pet. denied) (citing *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 229 (Tex. 2003); *Coker v. Coker*, 650 S.W.2d 391, 394 (Tex. 1983)). "Therefore, we review the trial court's decision de novo." *Id.* (citing *Kachina Pipeline Co. v. Lillis*, 471 S.W.3d 445, 449 (Tex. 2015)). "When conducting a de novo review, we exercise our own judgment and redetermine each issue while according no deference to the trial court's decision." *Id.* "If, after we apply the relevant rules of construction, the written instrument can be given a definite legal meaning or interpretation, it is not ambiguous." *Id.* (citing *Frost Nat'l Bank v. L & F Distribs.*, *Ltd.*, 165 S.W.3d 310, 312 (Tex. 2005) (per curiam); *R & P Enters. v. LaGuarta, Gavrel & Kirk, Inc.*, 596 S.W.2d 517, 519 (Tex. 1980)). But, if "a deed is subject to two or more reasonable interpretations, then the deed is ambiguous, and a fact issue exists as to the parties' intent." *Jennings*, 2019 WL 2710276, at *2 (citing *Columbia Gas Transmission Corp. v. New Ulm Gas, Ltd.*, 940 S.W.2d 587, 589 (Tex. 1996); *Hausser v. Cuellar*, 345 S.W.3d 462, 467 (Tex. App.—San Antonio 2011, pet. denied)). "[A]n ambiguity does not arise merely because the parties advance conflicting interpretations of the deed's language; instead, for an ambiguity to exist, both interpretations must be reasonable." *Id.*

If the deed is determined to be unambiguous, we review it "without considering parole evidence." *Richardson*, 514 S.W.3d at 413. If a deed is unambiguous, "our primary duty when construing [it] . . . is to ascertain the intent of the parties from all of the language in the deed by applying a fundamental rule of construction known as the 'four corners' rule." *Id.* (citing *Luckel v. White*, 819 S.W.2d 459, 461 (Tex. 1991)). "We discern . . . intent from the entirety of the deed's language without reference to matters of mere form, relative position of descriptions,

4

technicalities, or arbitrary rules." *Id*. (citing *Stribling v. Millican DPC Partners, LP*, 458 S.W.3d 17, 20 (Tex. 2015)). "No single provision taken alone will be given controlling effect." *Id*. (citing *SAS Inst., Inc. v. Breitenfeld*, 167 S.W.3d 840, 841 (Tex. 2005) (per curiam)). "We consider the entire writing and attempt to harmonize and give effect to all of its provisions by analyzing those provisions with reference to the document as a whole." *Id*. (citing *Frost Nat'l Bank*, 165 S.W.3d at 312). "We must assume the parties to the instrument intended every clause to have some effect; therefore, the language of the deed should be interpreted so that no clause is rendered meaningless." *Id*. (citing *Union Pac. R.R. Co. v. Ameriton Prop., Inc.*, 448 S.W.3d 671, 678 (Tex. App.—Houston [1st Dist.] 2014, pet. denied)).

The Texas Supreme Court has instructed that, if a court can ascertain the parties' intent from the language of the deed, "that should [generally] be the end of our analysis." *Wenske v. Ealy*, 521 S.W.3d 791, 794 (Tex. 2017). The warranty deed in question reads,

> I, ELIZABETH SPRADLEY BAUMAN, . . . for and in consideration of the love and affection which I have for my niece, the Grantee, have GRANTED, SOLD AND CONVEYED, and by these presents do GRANT, SELL AND CONVEY unto DIAN[N]E HOUSE . . . all of the surface (without the present merchantable timber) and mineral estate in the following described real property in Nacogdoches County, Texas, to-wit: . . . "Big Loco Farm" . . . and "Little Farm."

Leland argues that the deed does not contain the word "gift" or indicate that it is to be Dianne's sole and separate property. Because the terms "sold" and "sell" are included, Leland argues that the deed merely shows that Bauman loved Dianne *and* sold her the Property. Leland's argument requires us to ignore the provision that the property was granted, sold, and conveyed "*for and in consideration of*" love and affection. In other words, the price of the sale, as plainly

5

stated by the terms of the deed, was love and affection. No further consideration was mentioned or implied.

We find Leland's interpretation of the deed unreasonable because the deed plainly states that the only consideration for the transfer was love and affection for a family member. *See Scott v. Scott*, No. 04-17-00155-CV, 2018 WL 2694817, at *3 (Tex. App.—San Antonio June 6, 2018, no pet.) (mem. op.) (concluding that a "Gift Deed," in consideration of "Love of, and affection for, Grantee," was unambiguous and barred consideration of parole evidence that the property conveyed by the deed was purchased); *see also In re Marriage of Watson*, No. 07-08-0057-CV, 2010 WL 346153, at *4 (Tex. App.—Amarillo Jan. 27, 2010, no pet.) (mem. op.) ("[W]e find the phrase 'in consideration of the relationship and services provided' here refers not to some unspecified but valuable consideration but to those arising from the familial relationship.").[3]

Bauman's intent to give the Property to Dianne can be ascertained from the language of the deed. Therefore, we conclude that the deed was itself sufficient to rebut the presumption favoring community property. In light of this finding, we need not address Leland's remaining arguments.

---

[3]We distinguish this case from cases involving deeds that either recited that properties were deeded in exchange for monetary consideration or other valuable consideration. *See Johnson v. Driver*, 198 S.W.3d 359, 362 (Tex. App.—Tyler 2006, no pet.). In those circumstances, language including love and affection as additional consideration merely creates a rebuttable presumption that a conveyance is a gift. *See Deleon v. Ramirez*, No. 04-16-00495-CV, 2017 WL 3044546, at *2 (Tex. App.—San Antonio July 19, 2017, pet. denied) (mem. op.) (citing *Hardy v. Hardy*, No. 03-02-00780-CV, 2003 WL 21402002, at *3 (Tex. App.—Austin June 19, 2003, no pet.) (mem. op.); *Ellebracht v. Ellebracht*, 735 S.W.2d 658, 659 (Tex. App.—Austin 1987, no writ)).

We affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice

Date Submitted:     November 13, 2019
Date Decided:       November 19, 2019